**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | Case No. 24-4212 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| IBAN GLOBAL LLC | |
| and | |
| LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON | |
| Defendants. | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Leon Weingrad ("Mr. Weingrad"), by his undersigned counsel, for this class action complaint against Defendant IBAN Global LLC, LiveFree Emergency Response, Inc. d/b/a LifeBeacon, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between

'[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)."
*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.       "[T]he law opted for a consumer-driven process that would allow objecting
individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations
was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal
government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry
stands out as a model of clarity. It means what it says. If a person wishes to no longer receive
telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone
solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an
abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .
initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is
on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either
monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a
straightforward provision designed to achieve a straightforward result. Congress enacted the law
to protect against invasions of privacy that were harming people. The law empowers each person
to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply,
the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an
intrusion upon their domestic peace." *Id*. at 649-50.

3.       Plaintiff, individually and as class representative for all others similarly situated,
brings this action against Defendants for violations of the Telephone Consumer Protection Act,
47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not
Call Registry, including his own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

## II.      PARTIES

5.   Plaintiff Weingrad is an individual who resides in the Eastern District of Pennsylvania.

6.   Defendant IBAN Global LLC is an administratively dissolved Wyoming LLC with its headquarters and principal place of business in Pocatello, Idaho, which sells LifeAlert-style medical alert devices, called LiveFree, throughout the United States and which directed its illegal calling conduct into Pennsylvania by sending its text message and call spam to Pennsylvania area codes.

7.   Defendant LiveFree Emergency Response, Inc., which does business as LifeBeacon, is a Delaware LLC with its headquarters and principal place of business at the same address in Pocatello, Idaho as Defendant IBAN, which distributes a white-labeled medical alert device that is manufactured in China.

## III.      JURISDICTION AND VENUE

8.   Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9.   Personal Jurisdiction: The Court has specific personal jurisdiction over Defendants because they directed their illegal calling conduct into Pennsylvania, including by calling telephone numbers associated with this District, including those with 267- area codes, and charging credit cards with billing addresses located in this District.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

11.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B.    Unsolicited Telemarketing to Plaintiff

16.    Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff's residential telephone number is (267)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

18.     The number is a residential telephone line because it is assigned to a cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19.     The number is in Mr. Weingrad's name and he pays the bill.

20.     Mr. Weingrad uses the number for personal, residential, and household reasons.

21.     Mr. Weingrad does not use the number for business reasons and the number is not registered in the name of or associated with a business.

22.     Plaintiff Weingrad never consented or requested in any way to receive calls from Defendants.

23.     Plaintiff Weingrad never did business with the Defendants.

24.     Despite this, Plaintiff received a total of at least 3 calls from various of the Defendants' caller IDs, including 573-347-7875 and 615-993-4350 as part of a telemarketing campaign.

25.     The first such call, which the Plaintiff answered, came on June 7, 2024 at 21:01z on June 7, 2024, and attempted to sell the Plaintiff a medical alert system.

26.     Despite no expression of interest or invitation to continue calling, the caller called again on June 7, 2024 at 21:04z. The Plaintiff declined this call.

27.     Thereafter, on July 15, 2024, the Plaintiff received another call from 615-993-4350. During this call, the Plaintiff was pitched and sold Defendants' medical alert system.

28.     The caller stated that they were calling from the illegal fictitious name "Medical Alert Care," and so the Plaintiff provided his credit card information in order to make a purchase to investigate the caller and for no other reason.

29.     As a result of this call, the Plaintiff received a credit card charge from "Medical Alert Systems" for $39.99 the same day as a result of the illegal and fraudulent call. This charge bore the same 3411 Hawthorne Road, Pocatello, ID 83201 address as the Defendants.

30.     Thereafter, the Plaintiff received a medical alert device in the mail, together with a proposed contract in the form of a proposed month to month agreement. That proposed contract clearly listed Defendant IBAN's name and contact information at the top:

**IBAN Global LLC**
**3411 Hawthorne Road**
**Pocatello, ID 83201**
**(888) 498-5849**

31.     The Plaintiff did not in any way request that the calls continue or that he desired to be contact by telephone call to sell him goods or services like the medical alert device.

32.     In fact, as an initial matter, the calls were unwanted.

33.     As explained above, Defendant IBAN is a defunct Wyoming entity.

34.     Defendant LiveFree Emergency Response, however, is an active entity sharing an identical address with IBAN.

35.     Moreover, the device Plaintiff received was branded "LifeBeacon," which is a registered fictitious name for Defendant LiveFree, as reproduced below:



36.     Moreover, "Medical Alert Systems," the name that appeared on the credit card charge, is a defunct registered fictitious name in Idaho for Defendant LiveFree.

37.     The calls were nonconsensual encounters.

38.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

39.     Plaintiff never provided his consent or requested these calls.

40.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.     CLASS ACTION ALLEGATIONS

41.     <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

42.      Excluded from the Class are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43.     The Class, as defined above, is identifiable through telephone records and telephone number databases.

44.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

45.     Individual joinder of these persons is impracticable.

46.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

48.     Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49.     This class action complaint seeks injunctive relief and money damages.

50.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.     whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.     whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

51.     Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

52.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

53.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

54.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58.     Defendants' violations were negligent, willful, or knowing.

59.     As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons

or entities acting on Defendants' behalf from making telemarketing calls to numbers on the

National Do Not Call Registry, absent an emergency circumstance;

E.      An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## VI.      DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this August 14, 2024.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> */s/ Anthony Paronich*
> Anthony Paronich
> (*Pro Hac Vice* forthcoming)
> Email:  anthony@paronichlaw.com
> PARONICH LAW, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Telephone:  (617) 485-0018
> Facsimile:  (508) 318-8100
>
>
> *Attorneys for Plaintiff and the Proposed Class*