# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br> v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>       Defendants. | Case No. 24-4212 |

**Plaintiff's Response in Opposition To Defendant
LiveFree Emergency Response, Inc.'s Motion to Dismiss**

i

I. INTRODUCTION

Defendant LiveFree Emergency Response, Inc.'s (LiveFree or Defendant)'s motion to dismiss must fail because the Plaintiff has pled sufficient facts to demonstrate the exercise of specific personal jurisdiction in Pennsylvania against LiveFree. And although LiveFree alleges that co-Defendant IBAN Global LLC made the calls at issue, the fact remains that the illegal telemarketing calls at issue were sent to a Pennsylvania telephone number and were made for LiveFree's benefit, including because *LiveFree was the entity that charged the Plaintiff's credit card*, which possesses a Pennsylvania billing address. The jurisdictional allegations here are of the same type that Courts routinely held are sufficient in cases of telemarketing conduct like that alleged here. In arriving at that fact, LiveFree performs its core business, that of selling and monitoring "life alert" style devices, to individuals across the United States, including Pennsylvania. And the conduct alleged here–marketing for those very same goods and services– indisputably was aimed at Pennsylvania. Courts across the country, including this one, have held sufficient such allegations in permitting the exercise of specific personal jurisdiction against the caller and ultimate seller of goods via telephone. This Court should reject Defendant's general denial of liability couched as an attack on personal jurisdiction.

II. LEGAL STANDARD

The standard for a motion to dismiss under Rule 12(b)(2) is well-established before this Court. In ruling on a Rule 12(b)(2) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences supported by the well pleaded factual allegations in the plaintiff's favour. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 151 (3d Cir. 1992). However, a Rule 12(b)(2) challenge is unique in that it is not limited to the four corners of the pleading and the Court may consider additional evidence proffered by both parties, including

affidavits, evidence, and judicially noticeable records. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). And although the plaintiff will ultimately bear the burden of demonstrating personal jurisdiction at trial, he need not make such a showing at the pleadings stage. *Id.* Rather, the Plaintiff must merely allege sufficient facts to establish a *prima facie* case of jurisdiction over the defendant and is entitled to a reduced standard when that defendant is a corporation, as here. *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) ("A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of a full discovery."). And, when claims of jurisdiction are the subject of a good faith dispute, the court must generally permit jurisdictional discovery. *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (citing *Toys "R" Us*, 318 F. 3d at 456).

### III. ARGUMENT

A. *The Plaintiff has unquestionably pled sufficient facts to justify the exercise of specific personal jurisdiction against LiveFree in Pennsylvania based on calls he received to his phone number in Pennsylvania, which resulted in a credit card charge from LiveFree. Discovery must resolve any ancillary questions intertwined with the merits.*

Defendant LiveFree, in essence, adopts in its motion the classic "I didn't do it" defense, but styles it instead as an attack on this Court's exercise of personal jurisdiction over the Defendant because the Defendant (allegedly) did not call Plaintiff, but rather because co-Defendant IBAN did. But such doubt as to liability is more properly the subject of a jury trial or at the very least a motion for summary judgment. Notwithstanding the fact that the calls Plaintiff is alleged to have received (1) were sent to a Pennsylvania resident, (3) with an Pennsylvania area code, (3) who disclosed a Pennsylvania billing address on the call, and (4) received a credit card charge from Defendant LiveFree, LiveFree claims that it is not subject to specific personal jurisdiction here. This argument lacks any merit and must be denied.

affidavits, evidence, and judicially noticeable records. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). And although the plaintiff will ultimately bear the burden of demonstrating personal jurisdiction at trial, he need not make such a showing at the pleadings stage. *Id.* Rather, the Plaintiff must merely allege sufficient facts to establish a *prima facie* case of jurisdiction over the defendant and is entitled to a reduced standard when that defendant is a corporation, as here. *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) ("A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of a full discovery."). And, when claims of jurisdiction are the subject of a good faith dispute, the court must generally permit jurisdictional discovery. *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (citing *Toys "R" Us*, 318 F. 3d at 456).

### III.   ARGUMENT

A. *The Plaintiff has unquestionably pled sufficient facts to justify the exercise of specific personal jurisdiction against LiveFree in Pennsylvania based on calls he received to his phone number in Pennsylvania, which resulted in a credit card charge from LiveFree. Discovery must resolve any ancillary questions intertwined with the merits.*

Defendant LiveFree, in essence, adopts in its motion the classic "I didn't do it" defense, but styles it instead as an attack on this Court's exercise of personal jurisdiction over the Defendant because the Defendant (allegedly) did not call Plaintiff, but rather because co-Defendant IBAN did. But such doubt as to liability is more properly the subject of a jury trial or at the very least a motion for summary judgment. Notwithstanding the fact that the calls Plaintiff is alleged to have received (1) were sent to a Pennsylvania resident, (3) with an Pennsylvania area code, (3) who disclosed a Pennsylvania billing address on the call, and (4) received a credit card charge from Defendant LiveFree, LiveFree claims that it is not subject to specific personal jurisdiction here. This argument lacks any merit and must be denied.

As a preliminary matter, courts in the Third Circuit have expressed extreme skepticism at Rule 12(b)(2) TCPA challenges based on purported denials of liability at the pleadings stage, such as based on whether companies are *alter egoes* of each other, or, as here, dispute what company committed the allegedly tortious conduct. *See, e.g.*, *Newell v. Strategic Admin. Grp., Inc.*, No. 2:20-CV-00967-JDW, 2020 WL 12770854, at *1 (E.D. Pa. May 6, 2020); *Abramson v. Agentra, LLC*, Civ. A. No. 18-615, 2018 WL 6617819, at * 4 (W.D. Pa. Dec. 18, 2018); *Wick v. Twilio Inc.*, No. C16-00914RSL, 2017 WL 2964855, at *4 (W.D. Wash. July 12, 2017) (allowing claim against call vendor to proceed when third party initiated the call at issue). If anything, those facts, including whether there is a case for direct or vicarious liability, ought to be sorted out in discovery. Indeed, as Judge Wolson eloquently observed in *Newell* in rejecting an argument nearly identical to that here that a third party placing the call divested it of jurisdiction, "Because the TCPA could impose vicarious liability on SAG for a call made to Pennsylvania, SAG has the requisite minimum contacts with Pennsylvania to give rise to personal jurisdiction." *Id.* at *2 (citing *Abramson*). And, cutting to the heart of LiveFree's fair play and substantial justice argument, the Court observed:

> The Court also concludes that the maintenance of the suit in Pennsylvania does not offend traditional notions of fair play. SAG authorized a vendor to sell its policies without geographic restriction. It was foreseeable that SAG's calls might violate the TCPA in any jurisdiction to which a call was placed. Moreover, the relative burdens of litigating favor forcing a company that makes a call to litigate in the district where the call was made, rather than forcing the consumer that receives the call to litigate in the district where the seller happens to reside.

*Id.*

In cases where jurisdictional questions are enmeshed with factual questions going to the merits of the case, a court may hold an evidentiary hearing on those matters or defer a determination on those jurisdictional issues until trial, for otherwise it will be impossible for the Court to decide one (i.e. the jurisdictional issue) without the other (i.e. the factual issue). *See*

3

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 94 (3d Cir. 2004). Moreover, the Thid Circuit has enforced the imputation of jurisdictional contacts on foreign defendants, as here, even in the absence of a partnership or other formal legal relationship, based upon the conspiracy theory of personal jurisdiction and related theories such as various liability. *Id.* at 102 n.8.

This Court should do likewise. At this point, it would be inappropriate for the Court to conclude that it does not have specific personal jurisdiction over LiveFree, especially on the facts alleged here, as well as the murkiness of the relationship as between LiveFree and IBAN, namely the following: (1) the Plaintiff is a resident of the Eastern District of Pennsylvania (Compl. ¶ 5); (2) the Plaintiff received calls to his 267- area code number (Compl. ¶ 17); (3) the calls the Plaintiff received were made to sell him a LiveFree medical alert system, and the caller stated that they were calling from "Medical Alert Care." (Compl. ¶ 28); (4) the Plaintiff received a credit card charge from *Defendant LiveFree*, not Defendant IBAN, on his credit card with a Pennsylvania billing address (Compl. ¶ 29, 36); and (5) the Plaintiff received the LiveFree device, prominently featuring LiveFree branding, referencing "our" terms and conditions, as well as listing Defendant IBAN as at LiveFree's address. (Compl. ¶ 30, 35). These facts show at the very least that the Plaintiff has pled facts which can give rise to actual, direct liability, if not at the very least vicarious liability. *Newell*, 2020 WL 12770854 at *2.

Moreover, Defendant LiveFree's faulty argument that this Court cannot find agency because the calls at issue were allegedly placed through another third party have likewise also already been rejected by this Court multiple times. *Perrong v. Chase Data Corp.*, No. CV 22-2628, 2024 WL 329933, at *2 n.1 (E.D. Pa. Jan. 26, 2024) ("Perrong also states plausible claims against Chase Data under a vicarious liability theory. . . . The allegations that Chase Data owned and operated the phone numbers used for the calls and worked closely with its purported clients

4

in placing the calls, give rise to an inference that it had actual authority to act on Chase's clients' behalf."). And there, as here, even *if* this Court were to assume, improperly, that LiveFree had nothing to do with the calls the Plaintiff received (not least of which because LiveFree, not IBAN, charged Plaintiff's credit card during the call), LiveFree may still be vicariously liable for the TCPA violations, thus subjecting it to personal jurisdiction here. This is so because, under the TCPA, "a party may be liable under the TCPA in accordance with tort-related vicarious liability rules," including actual authority, apparent authority, and ratification. *Klein v. Just Energy Group*, No. 14-1050, 2016 U.S. Dist. LEXIS 84447, at *27 (W.D. Pa. June 29, 2016).

> B. *The facts pled here support a finding of personal jurisdiction under the traditional analysis.*

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984).

As a preliminary matter, the Plaintiff does not contest that this court lacks *general* jurisdiction over Defendant LiveFree. As the Declaration of Joshua Chandler makes clear, LiveFree is a Delaware corporation with its principal place of business in Idaho. And though Defendant may not subject to *general* personal jurisdiction here, Defendant is unquestionably subject to *specific* personal jurisdiction here. Generally speaking, a federal court may assert *specific* personal jurisdiction over a nonresident defendant when it commits "some act by which

5

[it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Furthermore, the plaintiff's claims "must arise out of or relate to the" defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414. To demonstrate purposeful availment, the plaintiff need only show (1) that the defendant conducted some activity in the forum so as to subject it to personal jurisdiction there and (2) that the constitutional notions of fair play and substantial justice are satisfied such as to be consistent with due process requirements. *Burger King*, 471 U.S. 462, 464 (1985). This Court exercises personal jurisdiction over a nonresident defendant of the forum state to the maximum extent authorized by the law of the forum, usually as dictated by the state's long arm statute. FED R. CIV. P. 4(e), (k)(1).

The first subpart of demonstrating purposeful availment is satisfied here. The Pennsylvania long-arm statute reflects a purpose to assert jurisdiction over a nonresident defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998). Significantly, the Third Circuit has found purposeful availment coterminous with the limits of the Due Process Clause under three measures relevant to the case at bar. First, Defendant LiveFree has transacted business in Pennsylvania, including by charging the Plaintiff's credit card *itself* with a Pennsylvania billing address during a call to a Pennsylvania telephone number. 42 PA. CONS. STAT. § 5322(a)(1)(ii), (iii), (iv). Moreover, under existing TCPA-specific case law, as will be addressed below, the Defendant caused harm in Pennsylvania both by its acts and omissions within Pennsylvania (such as by directing the calls and doing business with to Pennsylvania area codes) and outside Pennsylvania (such as by engaging in business with IBAN and knowingly ratifying its illegal conduct). 42 PA. CONS. STAT. § 5322(a)(3), (4).

6

To allow Defendant to escape liability at the pleadings stage on jurisdictional grounds for actions it allegedly did not commit would take a hatchet the TCPA and the Supreme Court's recent decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*. 141 S. Ct. 1017 (2021). In *Ford*, a Montana resident passed away as a result of an accident the plaintiff claimed to be a result of Ford's negligence. *Id. at 1023*. Ford moved to dismiss based on a lack of personal jurisdiction. *Id.* Although it correctly denied general jurisdiction because it was headquartered in Michigan and was incorporated in Delaware, it also denied specific jurisdiction because the car was assembled in Kentucky, sold by a Ford dealer in Washington, then sold by third parties, not Ford, in Oregon, and then to the Montana resident. *Id.* Ford argued, as Defendant does here, that a break in the *causational* chain, such as allegedly not having placed the call or sold the car to the injured party, also broke the *jurisdictional* chain. *Id.* at 1024.

Not so. The Supreme Court rejected the same causation-only approach proffered by both Ford and Defendant. In so doing, it clarified that an alleged break in the chain of *causation*, such as (allegedly) not having placed the calls at issue here, akin to not having sold the car at issue into Montana, does *not* break the chain of *jurisdiction*, which is subject to its own analysis, *irrespective* of the causational elements of the case. Defendant, like Ford, cannot deny that it stood ready to provide its services to Pennsylvania residents and to benefit their own business. *Cf. id.* at 1029. Nor can the Defendant deny that it did not know that it was dealing with an Pennsylvania resident and that it would be subject to suit here if, for example, LiveFree was negligent in its monitoring by calling paramedics in the wrong Boro. Because the Defendant is unquestionably subject to specific personal jurisdiction here for selling its products, the Defendant is also subject to specific personal jurisdiction because of related marketing conduct.

And nothing about the exercise of jurisdiction against the Defendant here would offend traditional notions of fair play and substantial justice or at all be inconsistent with constitutional due process. The crux of the constitutional "due process analysis" is "foreseeability," "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. *Id.* "When a corporation purposefully avails itself of the privilege of conducting activities within the forum State, it has clear notice that it is subject to suit there." *Id.* (cleaned up). There can be no doubt that Defendant stood ready to serve a market for its goods and monitoring services to residents here. And the Plaintiff's case arises out of advertising for the very same business, goods, and services.

Second, the circumstances of the calls themselves demonstrate purposeful availment and demonstrate that the Plaintiff has suffered an injury in Pennsylvania arising out of a tort committed in Pennsylvania. Defendant improperly applies outdated "stream of commerce" law in an effort to show that it is not subject to personal jurisdiction here. But that analysis is improper because the Plaintiff does not sue LiveFree out of a product defect, for instance. Rather, as explained, the Plaintiff sues LiveFree because of *telemarketing conduct*, for which it is either directly or vicariously liable, as will be described below.

C.  *TCPA-Specific caselaw also supports the exercise of jurisdiction here.*

District Courts throughout the United States, including this Court, have agreed in the TCPA context and have held that *identical* allegations are sufficient to give rise to the inference that an "injury" occurs in the state with a particular area code when the telephone call is received

there. *Shelton v. Nat'l Gas & Elec., LLC*, No. 17-4063, 2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019). Defendant has cited to *no* TCPA-specific authority holding that there is no personal jurisdiction in the state where a recipient receives a call deliberately directed to that recipient's in-state phone number, even if the call was initiated by a third party. *Newell*, 2020 WL 12770854 at *2. This is for good reason, because no such cases exist. *Every court* to consider the issue has held that there is personal jurisdiction against individuals who place such calls. *Id.*

In TCPA cases, courts find that specific personal jurisdiction exists when a defendant, or their agent, sends a message into the forum state by targeting a phone number with an area code that is associated with that forum. *See, e.g.*, *Abramson*, 2018 WL 6617819, at * 4 ("Agentra purposefully aimed its conduct at Pennsylvania by contacting directly Abramson's Pennsylvania mobile and residential telephone numbers."); *Abramson v. CWS Apt. Homes, LLC*, No. 16-426, 2016 U.S. Dist. LEXIS 146627, at *6 (W.D. Pa. Oct. 24, 2016) (holding allegations that defendant targeted Pennsylvania area codes sufficient); *Baker v. Carribean Cruise Line, Inc.*, No. CV 1308246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (holdings as sufficient for personal jurisdiction the allegation that "Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for Plaintiff's claims.").

Defendant's argument for why there exists no specific personal jurisdiction rests entirely on the faulty premise that the Defendant did not directly place any of the calls and therefore did not direct its conduct into Pennsylvania. A nearly identical argument to this one was summarily rejected recently in *Ackerman v. Fuego Leads, LLC*, No. 4:23-CV-61, 2024 WL 2136281, at *2 (E.D. Va. May 13, 2024) (holding defendant was subject to specific personal jurisdiction in Virginia when it authorized *a third party* to send calls into Virgnia). By directing calls to a

Pennsylvania resident possessing a Pennsylvania phone number, including *by accepting a credit card payment* associated with Pennsylvania during the call, and billing the Plaintiff's Pennsylvania credit card directly, Defendant has purposely availed itself of Pennsylvania and its laws. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." (cleaned up)).

For what it's worth, this conduct further demonstrates that the exercise of jurisdiction here hardly runs contrary to traditional notions of fair play and substantial justice. *Newell*, 2020 WL 12770854 at *2. With respect to the fair play analysis, "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Plaintiff clearly has an interest in obtaining relief under the TCPA, and Pennsylvania has an interest in protecting its residents. *Shelton*, 2019 U.S. Dist. LEXIS 59235, at *24; *Newell*, 2020 WL 12770854 at *2.

Plaintiff has alleged facts which, if true, unquestionably give rise to the exercise of specific personal jurisdiction in Pennsylvania with respect to the illegal calls complained of. The Defendant's entire motion is premised on a problem of its own devising that cries out for discovery to better flesh out who did what, as even the declaration provided does not track the Plaintiff's own evidence. Defendant cannot now claim that the way it allegedly structured its business should mean that it wins because the Plaintiff has failed to plead sufficient facts such as to demonstrate the minutiae of direct or vicarious liability at the pleadings stage. Those questions, including the questionable nature of the relationship between IBAN and LiveFree as it

pertains to telemarketing calls, ought to be fleshed out in discovery, not least of which because LiveFree had actual notice of illegal conduct involving IBAN as long as three years ago.

This Court should reject LiveFree's attempt to escape liability through a smoke-and-mirrors game of corporate sophistry which ignores the sufficient facts pled in the Plaintiff's complaint demonstrating that LiveFree is liable for the conduct alleged either directly or on any one of the three commonly accepted principals of agency. Not only has Plaintiff alleged that he received a call to his Pennsylvania number, but also that *Defendant LiveFree*, not IBAN, charged him on the call. A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. *Burger King*, 471 U.S. at 476. Here, the plaintiff need only make out a *prima facie* case of personal jurisdiction and he has unquestionably done so under the wealth of TCPA-specific case law holding the same.

Although the Plaintiff respectfully submits that the record here in unambiguous and that the Plaintiff has made out a *prima facie* case supporting the exercise of specific personal jurisdiction under TCPA-specific case law, to the extent that it does consider the issues of who placed the calls and any liability analysis the Court will need to conduct on the merits to determine Defendant's liability, the issue should not be decided simply on the pre-discovery affidavit of the Defendant.

In the event this Court remains unsatisfied based on this overwhelming evidence, the Court should order jurisdictional discovery. The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. *Toys "R" Us*, 318 F. 3d at 456. Because jurisdictional discovery is often authorized in TCPA cases where questions of vicarious or direct liability and the defendants' involvement is at issue,

11

this Court should permit the same here. *See, e.g.*, *Goodell v. Van Tuyl Grp. LLC*, No. CV-20-01657-PHX-JJT, 2021 U.S. Dist. LEXIS 181193, at *14 (D. Ariz. Sep. 22, 2021); *JT's Frames, Inc. v. Casares*, N.D. Ill. No. 16-cv-2504, 2018 U.S. Dist. LEXIS 23565, at *15-17 (Feb. 12, 2018) (allowing jurisdictional discovery in a TCPA case as to personal jurisdiction where defendants submitted declarations denying any involvement in the fax that formed the basis of the complaint to "explore Defendants' involvement (if any) with the Fax that forms the basis of Plaintiff's [complaint.]"). This discovery should also include discovery into LiveFree's direct or vicarious liability for any of IBAN's conduct. *See, e.g.*, *Toys "R" Us*, 318 F. 3d at 456.

## IV.   CONCLUSION

This Court must deny Defendant's motion to dismiss in its entirety. Alternatively, to the extent that the Court finds that additional questions remain, it should permit the Plaintiff to amend to correct the deficiencies or permit jurisdictional discovery, as necessary.

RESPECTFULLY SUBMITTED AND DATED this October 7, 2024.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date.

I further certify that I mailed a copy of the foregoing to:

IBAN Global, LLC
3411 Hawthorne Road
Pocatello, ID 83201


Dated: October 7, 2024

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com