IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>Defendants. | Case No. 24-4212<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANT LIVEFREE EMERGENCY RESPONSE INC.'S
<u>MOTION TO DISMISS</u>**

Plaintiff respectfully files this Notice of Supplemental Authority in Opposition to Defendant LiveFree Emergency Response, Inc.'s Motion To Dismiss. Yesterday, the United States District Court for the District of Massachusetts denied *the same Defendant's nearly identical Motion To Dismiss* for purported lack of personal jurisdiction in a TCPA case, just as here. *Traylor v. LiveFree Emergency Response Inc.*, No. 1:24-CV-10329-IT, 2024 WL 4943042, at *1 (D. Mass. Dec. 3, 2024). A copy of the opinion is enclosed herein as Exhibit A.

In rejecting the exact same grounds Defendant asserts here, the Court reasoned that the actions of the purported agent, there Q Synergy's, and here IBAN's, illegal calling conduct into the jurisdiction was sufficient to establish specific personal jurisdiction against LiveFree. In rejecting the very argument made here that LiveFree was not Q Synergy's principal, nor that Q Synergy's actions could subject it to personal jurisdiction, Court explained:

1

> Traylor alleges that Q Synergy acted as LiveFree's agent and that both Q Synergy's actions on behalf of LiveFree and LiveFree's own actions are sufficient to justify personal jurisdiction over LiveFree. LiveFree counters that Q Synergy is a third party acting unilaterally and its actions cannot form the basis of personal jurisdiction over LiveFree. LiveFree also points out that it precludes its Dealers from acting as its agents.
>
> To determine whether Q Synergy's actions can be imputed to LiveFree for the purposes of personal jurisdiction, the court considers whether Traylor has proffered facts sufficient to support his claim that Q Synergy was acting as LiveFree's agent.
>
> The evidence that militates in favor of an agency relationship is: (1) the product marketed to Traylor by Q Synergy was produced and shipped by LiveFree; (2) on one call from Q Synergy, Traylor was provided a number which connected him to a LiveFree dealer support agent; (3) when Traylor purchased the LifeBeacon monitor, LiveFree both charged him for and mailed him the device; (4) the package with the device sent to Traylor had Q Synergy's name, but LiveFree's address, as the return address; and (5) Q Synergy's "purchase" of products did not occur until the sale was made to customers. The court finds these facts sufficient to support an agency relationship for purposes of the jurisdictional inquiry.

*Id.* at *4 (cleaned up).

> Of note here, the Plaintiff's Complaint alleges much the same facts:
>
> (1) The product marketed to Weingrad by IBAN was produced and shipped by LiveFree. (Compl. ¶ 35).
> (2) When Weingrad purchased the LifeBeacon monitor, LiveFree charged him for the device. (Compl. ¶ 29).
> (3) The literature sent along with the device had IBAN's name, but LiveFree's address as the return address. (Compl. ¶ 30).
> (4) The phone number on the literature is LiveFree's 800 number. (Compl. ¶ 30).
>
> The Court also explained the arrangement between LiveFree and Q Synergy in nearly

identical terms and arguments to that that LiveFree alleges in its Motion to Dismiss here:

> LiveFree has a written contract with Q Synergy. LiveFree refers to Q Synergy and others with whom it has this arrangement as "Dealers." Under their arrangement, LiveFree gives Dealers a license to market and sell its devices using LiveFree's trademark but prohibits Dealers from holding themselves out as LiveFree or LifeBeacon. Upon making a sale, Dealers pay LiveFree on a per unit basis for the product, order fulfillment, product support, payment processing, and device monitoring, and LiveFree ships the product and provides the product support and device monitoring to the customer who made the purchase. Id. (and as clarified at oral argument). When customers use LiveFree's payment processing, LiveFree remits the (excess) funds derived from the sale of devices and services to Dealers with LiveFree retaining a processing fee.

*Traylor*, 2024 WL 4943042, at *2 (cleaned up).

On the foregoing, nearly identical facts, the Court had no trouble concluding that "Traylor has made a prima facie showing for purposes of the jurisdictional inquiry that Q Synergy was acting as an agent of LiveFree. The personal jurisdiction analysis will thus consider Q Synergy's actions as imputed to LiveFree as well as LiveFree's own actions." *Id.* at *5. Moreover, the Court then engaged in the traditional specific personal jurisdiction analysis and held, consistent with other TCPA case law that:

> As for Traylor's actions, the purchase of the LifeBeacon device was Traylor's choice, but it arose as a result of the directed telemarketing of LiveFree's product to Massachusetts residents. . . . . Courts that have considered the question of what is sufficient for specific jurisdiction under the TCPA have found that repeated contacts targeted at Massachusetts residents, including calls alleged to be violations of the TCPA, can be considered purposeful availment by a defendant.

*Id.* at *6.

In light of the foregoing authority, the Defendant's Motion to Dismiss must therefore be denied.

RESPECTFULLY SUBMITTED AND DATED this December 4, 2024.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

3

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date.

I further certify that I mailed a copy of the foregoing to:

LIVEFREE EMERGENCY RESPONSE, INC.
3411 Hawthorne Road
Pocatello, ID 83201

Dated: December 4, 2024

>                /s/ Andrew Roman Perrong
>                Andrew Roman Perrong, Esq.
>                Perrong Law LLC
>                2657 Mount Carmel Avenue
>                Glenside, Pennsylvania 19038
>                Phone: 215-225-5529 (CALL-LAW)
>                Facsimile: 888-329-0305
>                a@perronglaw.com