IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>IBAN GLOBAL LLC, and LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>*Defendants.* | Civil No. 24-4212 |

# ORDER

**AND NOW**, this 12th day of May, 2025, upon consideration of Defendant LiveFree Emergency Response, Inc. d/b/a LifeBeacon's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (ECF No. 8) and Plaintiff's response thereto, it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** so that Plaintiff may engage in jurisdictional discovery limited to the issue of whether the Court has jurisdiction over the Defendant.[1]

---

[1] When a Defendant moves to dismiss Plaintiff's complaint for lack of personal jurisdiction, "plaintiff must establish the Court's jurisdiction" over Defendant "through 'affidavits or other competent evidence.'" *Baird v. Meyers, Roman, Friedberg & Lewis, Co., LPA*, 700 F. Supp. 3d 249, 257 (E.D. Pa. 2023) (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). Although it is Plaintiff's burden to factually establish the Court's jurisdiction, if Plaintiff requests jurisdictional discovery to meet this burden, the Court should allow such discovery unless "plaintiff's claim is 'clearly frivolous.'" *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (further citation omitted).

In Telephone Consumer Protection Act cases, telephone calls directed to an individual in the forum create sufficient contacts to establish specific personal jurisdiction. *See, e.g., Shelton v. Nat'l Gas & Elec.,* LLC, Civ. No. 17-4063, 2019 WL 1506378, at *7-8 (E.D. Pa. April 5, 2019). Specific personal jurisdiction over a principal can be based on the acts of an agent. *See Newell v. Strategic Administration Grp., Inc.*, Civ. No. 20-967, 2020 WL 12770854, at *1-*2 (E.D. Pa. May 6, 2020); *Traylor v. Livefree Emergency Response Inc.*, Civ. No. 24-10329, 2024 WL 4943042, at *2-6 (D. Mass. Dec. 3, 2024).

**IT IS FURTHER ORDERED** that Plaintiff may issue up to twenty interrogatories, ten document requests, and three subpoenas. Plaintiff may depose up to two witnesses solely to address the issue of the Court's jurisdiction over LiveFree. All jurisdictional discovery shall be completed no later than June 9, 2025.

**IT IS FURTHER ORDERED** that if LiveFree seeks to renew its Motion after jurisdictional discovery has concluded, it shall do so no later than June 16, 2025. Plaintiff shall file a response no later than June 30, 2025.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.

---

It is not clear whether the Court has jurisdiction over Defendant LiveFree Emergency Response ("Live Free") because Plaintiff has not established, with affidavits or other evidence, the nature of the relationship, if any, between LiveFree and IBAN Global LLC. In a supplemental filing, Plaintiff provided the Court with the *Traylor* case. While that case is similar to this one, it is distinguishable for two reasons. First, the court in *Traylor* had more facts before it to discern the agency relationship between LiveFree and its dealer. Second, LiveFree had direct contact with the plaintiff. *Traylor*, 2024 WL 4943042, at *2-6. Although Plaintiff has not presented sufficient evidence to support his claims of jurisdiction, he has alleged the possibility that LiveFree engaged in sufficient contacts with the forum to justify jurisdiction. Because of this, the Court will deny Defendant's motion without prejudice and afford Plaintiff leave to conduct jurisdictional discovery.