**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br>     v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>                        Defendants. | Case No. 24-4212<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO**
**JURISDICTIONAL DISCOVERY AND**
**MOTION AND BRIEF IN SUPPORT OF MOTION**
**TO DEEM ADMISSIONS ADMITTED**

On May 12, 2025, this Court entered an order denying the Defendant's Motion to Dismiss for lack of jurisdiction, giving the Plaintiff leave to serve limited jurisdictional discovery on the Defendant. (ECF No. 16). That order stated that "All jurisdictional discovery shall be completed no later than June 9, 2025." (ECF No. 16). Further, the Court instructed that "if LiveFree seeks to renew its Motion after jurisdictional discovery has concluded, it shall do so no later than June 16, 2025." (ECF No. 16). Plaintiff served the Jurisdictional discovery the Court ordered on May 23, 2025, which is attached herein as Exhibit A.

June 9 came and went without Defendant filing any responses or to the jurisdictional discovery this Court ordered or providing any documents whatsoever that this Court held in its order would help the Plaintiff to establish, "with affidavits or other evidence, the nature of the relationship, if any, between LiveFree and IBAN Global LLC." But Defendant filed its renewed

motion to dismiss anyway on June 16, 2025, without any of the benefit of any of the discovery that the Court ordered.

After a meet and confer held on June 17, 2025, Defendant provided the Plaintiff responses and objections, attached herein as Exhibit B, that come after the Court's deadline. The interrogatory responses are unverified and Defendant has waived its objections (in contravention of FED. R. CIV. P. 33(b)(3), (5); (4)), no documents were produced (despite saying they would be), and Defendant cannot salvage its admissions, which are deemed admitted, by a late attempt to respond. Defendant's contention was the 30-day period in the Rules set forth the appropriate response date. But the Rules do not override this Court's order directing discovery to be *completed* by a certain date, an issue directly addressed by the Third Circuit and the plain text of Rule 36(a)(3). In any event, the Defendant could have sought an extension or clarification from Plaintiff or the Court as to when its responses were due, but it did none of that. Defendant, however, had no trouble re-filing its motion on June 16, without the Plaintiff having the benefit of any meaningful factual record he sought to establish and jurisdictional discovery to which the Court Ordered he was entitled.

This is a "routine motion to compel answers to interrogatories or to compel compliance with a request for production under Federal Rule of Civil Procedure 34," as "it is averred that no response or objection has been timely served." E.D. PA. L.R. 26.1(g). Accordingly, it "need have no accompanying brief, and need have no copy of the interrogatories or Federal Rule of Civil Procedure 34 request attached. The court may summarily grant or deny such motion without waiting for a response." *Id.*

With respect to the Requests for Admission, the Court should deem them admitted, insofar as they pertain to the allegations, including jurisdictional allegations in the Complaint. Here, the four Requests for admission seek critical information bearing on the Court's jurisdiction. For example, Request 1 asks the Defendant to admit that it received calls to a Pennsylvania telephone number, consistent with the authority that an entity calling individuals in Pennsylvania would be subject to jurisdiction here. Similarly, Request 2 asks the Defendant to

admit that its agent marketed into Pennsylvania. So too with the provision of goods and services into Pennsylvania, as recognized by the Court in *Traylor*. And finally, Request 3 asks the Defendant to admit to all allegations, factual and legal, in the Plaintiff's complaint. This includes the jurisdictional allegations therein.

The Court should deem admitted each of the Requests which the Defendant has refused to provide a timely answer. "[T]he sanction for failure to respond to a request for admission is self executing." *Precision Franchising, LLC v. Gatej*, No. 1:12-cv-158, 2012 WL 6161223, at *5 (E.D. Va. Dec. 11, 2012) (cleaned up). Nothing in that rule provides that a party may ignore requests if the responses are due after the close of discovery, or that they can somehow take additional time to respond. The rule states only: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Indeed, "[a] shorter or longer time for responding may . . . be ordered by the court," *id.*, as is the case here. Defendant's responses were due, by court order, on June 9, 2025, and Defendant did not respond, thus making critical jurisdictional and other admissions. Here, the Defendant has admitted that they made sufficient minimum contacts into the forum by conducting business in Pennsylvania and this District. They admitted that they directed their business into this District, and made telemarketing calls into this District. They admitted to all the factual and legal allegations in the Complaint, including the jurisdictional allegations.

Indeed, the Third Circuit has had occasion to address identical admissions on identical circumstances as here. In *Shelton v. Fast Advance Funding, LLC*, the Third Circuit held that an *identical request for admission* that requested the Defendant to admit to all factual and legal allegations in the complaint was an appropriate basis to grant a motion *in limine*. There, as here:

> Shelton served Requests for Admission on FAF on February 11, 2019. FAF never responded to the request. Discovery closed on March 1, 2019. Since FAF never responded, Shelton filed a motion in limine to prevent FAF from offering testimony or evidence contrary to the Request for Admissions. FAF opposed the motion and argued

3

that it did not need to respond to the Request, as discovery closed before the response deadline. The District Court granted Shelton's motion in limine.

805 F. App'x 156, 157 (3d Cir. 2020). As a result, "The District Court issued findings of fact and conclusions of law and entered a verdict in favor of Shelton." *Id.* In so doing, the Third Circuit rejected the defendant's argument, that Defendant here brought up in its meet and confer, that it had less than thirty days to respond to the admissions in that they were propounded less than thirty days after the Court ordered that jurisdictional discovery as to close. The Third Circuit disagreed with the Defendant's contention "that it was not obliged to respond to Shelton's requests for admission because the deadline to respond was after the close of discovery." *Id.* at 157. This is all the more the case here, where the Court set a firm deadline for the close of discovery by which responses would be due, and the Defendant did not respond to them. "Matters deemed admitted due to a party's failure to respond to requests for admission are conclusively established under Federal Rule of Civil Procedure 36(b). An admission is therefore an unassailable statement of fact and is binding on the non-responsive party unless withdrawn or amended." *Id.* (citing *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017)) (cleaned up).

For the foregoing reasons, the Court should compel production and responses to the Plaintiff's jurisdictional interrogatories and requests for production and deem the admissions as admitted.

RESPECTFULLY SUBMITTED AND DATED this June 18, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

4

**LOCAL RULE CONFERENCE CERTIFICATION**

In accordance with Local Rule 26.1(f), counsel for Plaintiff had a telephonic conference with Jeremy Adamson, counsel for the Defendant, on June 17, 2025. After reasonable effort, and for the reasons stated herein, the parties are unable to resolve their dispute.

Dated: June 18, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date.

I further certify that I mailed a copy of the foregoing to:

IBAN GLOBAL LLC
3411 Hawthorne Road
Pocatello, ID 83201

Dated: June 18, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com