**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>　　　　　　　　　Defendants. | Case No. 24-4212<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY**
**TO DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.**

Pursuant to Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, and the Court Order entered in this matter on May 12, 2025 (ECF No. 16), the Plaintiff requests that the Defendant LiveFree Emergency Response, Inc. ("LiveFree," "You," or "Defendant") respond to the below.

**INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

1.　　Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

2.　　In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

3.      A draft and a final version are two distinct documents.

4.      If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## INSTRUCTIONS FOR INTERROGATORIES

5.      Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

6.      These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR ADMISSIONS

7.  Each request seeks all information available to the Defendant or the Defendant's agents, and to any other person acting on Defendant's behalf. Each of these requests shall be deemed to

be continuing in the manner provided under the Federal Rules of Civil Procedure. If a request cannot be answered in full, answer to the fullest extent possible and specify all reasons for the inability to answer in full.

8. If you believe that you cannot admit or deny any request, please state the reason why you are unable to respond. If you can admit part of a request, you are required to do so.

9. If Defendant claims any privilege or immunity from discovery with regard to any request made herein, please provide a summary of all facts and circumstances upon which the claim is based.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

10. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

11. **"Defendant"** (whether in the singular or plural form) means the original Defendant in this action to whom these Requests are directed, LiveFree Emergency Response, Inc., and includes, without limitation, any of their past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys, or representatives.

12. **"Describe"** means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication, or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication, or event inquired about.

13. "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived, or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

14. "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum, or electronic) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

15. "**Identify**" (when used in reference to a natural person) means to state that person's full name, title, business address, telephone number, email address, occupation, and employer, along with a statement of whether that person is represented by your counsel in this litigation.

16. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

17. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

18. "**Plaintiff**" means the original Plaintiff in this lawsuit, Leon Weingrad.

19. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued, or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

20. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

21. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate advertising, marketing, information, leads, customers, buyers, sellers, purchases, or sales for you, any good or service of yours, or any agent or beneficiary of yours. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; (5) was not made for your exclusive or direct benefit; and/or (6) does not fall within any statutory definition of "telemarketing."

22. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

23. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, making outbound calls, answering inbound calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any CRM provider or solution.

24. "**You**" means the person or entity to which these requests are propounded and includes, without limitation, any of your past or present offices, locations, divisions, affiliates,

subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys, or representatives.

25.     All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at https://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period. Pursuant to Rule 26(e)(1), you are required to supplement your responses in a timely manner if you learn that in some material respect your response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

## DOCUMENT REQUESTS

1.      Please produce all documents supporting or contradicting any assertion you have made that LiveFree is not subject to specific personal jurisdiction in Pennsylvania for the conduct alleged.

**RESPONSE:**

2.      Please produce all documents outlining your marketing efforts for LiveFree's goods and services, either directly or through vendors like IBAN, by state or nationally, including Pennsylvania. This request includes, but is not limited to, documents and reports

6

summarizing or reporting on the LiveFree's sales of goods and services, as well as monitoring efforts and services offered in Pennsylvania, relative to other states.

**RESPONSE:**


3.    Please produce all documents related to the telephone numbers 267-XXX-XXXX (the Plaintiff's number) and 833-981-3237, including those documents related your investigation into the text messages sent to Plaintiff and messaging conduct into Pennsylvania and nationwide, including communication with any vendors or third parties.

**RESPONSE:**


4.    Please produce all agreements, contracts, statements of work, policies, or other instruction(s) relating to marketing via telemarketing, including the sending of outbound calls to Pennsylvania, including any such documents provided to vendors or third parties, including IBAN. This request also includes, but is not limited to, all licenses and applications held by LiveFree for the provision of services or any other matter for which licensing is required, in Pennsylvania.

**RESPONSE:**


5.    Please produce all documents relating to complaints, formal or informal, or do-not-call requests concerning calls placed to Pennsylvania, including, but not limited to, complaints about IBAN from Pennsylvania residents, as well as lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC,

CFPB, state attorney general, BBB, or any other source, whether or not such calls were directly placed by you or through vendors like IBN.

**RESPONSE:**

6. All communications in your possession, care, custody, or control regarding the Plaintiff.

**RESPONSE:**

## INTERROGATORIES

1. Please provide your total number of customers and total revenue, and the proportion thereof, attributable to Pennsylvania.

**RESPONSE:**

2. Please provide your total number of monitoring emergency response calls, and the proportion thereof, attributable to Pennsylvania.

**RESPONSE:**

3. Please provide the total number of outbound telemarketing calls placed by either you directly or vendors or third parties you hired, and the proportion thereof, attributable to Pennsylvania.

**RESPONSE:**

4. Please describe your marketing efforts for selling your goods and services using outbound telemarketing into Pennsylvania, including a list of any vendor(s) used to conduct such marketing, the scope of work of each such vendor, and the states that these marketing efforts are targeted to if not solely to Pennsylvania. If such marketing efforts are targeted nationwide, so state. If such marketing efforts are restricted by state, so state.

**RESPONSE:**

**REQUESTS FOR ADMISSIONS**

1. Admit that the calls Plaintiff received were sent to a Pennsylvania telephone number.

**RESPONSE:**

2. Admit that you authorize IBAN to market into Pennsylvania.

**RESPONSE:**

3. Admit to all allegations, factual and legal, in Plaintiff's complaint.

**RESPONSE:**

4. Admit that you provide your goods and services to Pennsylvania.

**RESPONSE:**

RESPECTFULLY SUBMITTED AND DATED this May 23, 2025.

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong, Esq.
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, a copy of the foregoing was served electronically on counsel for the Defendant via e-mail at steve@steveharveylaw.com, shana@steveharveylaw.com, kelly@steveharveylaw.com, and jadamson@buchalter.com.

>/s/ Andrew Roman Perrong
>Andrew Roman Perrong, Esq.
>PA Bar #333687
>Perrong Law LLC

>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com

*Attorney for Plaintiff*