IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON WEINGRAD, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**IBAN GLOBAL LLC**<br><br>and<br><br>**LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON**<br><br>**Defendants.** | : : : : : : : : : : : : : : : : : : : | Civil Action No. 24-4212 |

**DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S
RESPONSES TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY**

Defendant Livefree Emergency Response, Inc. d/b/a Lifebeacon ("Defendant"), through counsel, hereby answers the jurisdictional discovery filed by Plaintiff Leon Weingrad ("Plaintiff") and responds to the below:

**Request 1:**

Please produce all documents supporting or contradicting any assertion you have made that LiveFree is not subject to specific personal jurisdiction in Pennsylvania for the conduct alleged.

**Answer:**

Defendant objects to this request as being exceedingly overbroad and unduly burdensome in that it asks for all documents that would prove a negative, specifically that LiveFree is not

subject to personal jurisdiction in Pennsylvania. Defendant also objects to the request as calling for a legal conclusion.

**Request 2:**

Please produce all documents outlining your marketing efforts for LiveFree's goods and services, either directly or through vendors like IBAN, by state or nationally, including Pennsylvania. This request includes, but is not limited to, documents and reports summarizing or reporting on the LiveFree's sales of goods and services, as well as monitoring efforts and services offered in Pennsylvania, relative to other states.

**Answer:**

Defendant objects to this request as being overbroad and unduly burdensome in seeking all documents "outlining" Defendants' "marketing efforts" and as requiring document unrelated to any of the allegations at issue in this case. Defendant objects to this request as being vague and ambiguous as to the term "marketing efforts." Notwithstanding the forgoing objections LiveFree will produce its agreement with IBAN.

**Request 3:**

Please produce all documents related to the telephone numbers 267-XXX-XXXX (the Plaintiff's number) and 833-981-3237, including those documents related your investigation into the text messages sent to Plaintiff and messaging conduct into Pennsylvania and nationwide, including communication with any vendors or third parties.

**Answer:**

Defendant will produce all responsive documents it is able to locate through a reasonable search.

**Request 4:**

Please produce all agreements, contracts, statements of work, policies, or other instruction(s) relating to marketing via telemarketing, including the sending of outbound calls to Pennsylvania, including any such documents provided to vendors or third parties, including IBAN. This request also includes, but is not limited to, all licenses and applications held by LiveFree for the provision of services or any other matter for which licensing is required, in Pennsylvania.

**Answer:**

Defendant responds that it has no such documents other than its agreement with IBAN which it is producing to Plaintiff.

**Request 5:**

Please produce all documents relating to complaints, formal or informal, or do-not-call requests concerning calls placed to Pennsylvania, including, but not limited to, complaints about IBAN from Pennsylvania residents, as well as lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB, or any other source, whether or not such calls were directly placed by you or through vendors like IBN.

**Answer:**

Defendant states that it will produce any such documents within its possession or control, located through a reasonable search, so long as such documents are not privileged.

**Request 6:**

All communications in your possession, care, custody, or control regarding the Plaintiff.

**Answer:**

Defendant states that it will produce such documents within its possession or control, if any, located through a reasonable search, so long as such documents are not privileged.

## INTERROGATORIES

**Interrogatory 1:**

Please provide your total number of customers and total revenue, and the proportion thereof, attributable to Pennsylvania.

**Answer:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to and without waiving that objection, Defendant states that it does not keep records sufficient to provide a definitive response to this interrogatory, but it estimates that less than 1% of its revenues originate from customers located in Pennsylvania.

**Interrogatory 2:**

Please provide your total number of monitoring emergency response calls, and the proportion thereof, attributable to Pennsylvania.

**Answer:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to and without waiving that objection, Defendant states that it does not keep records sufficient to provide a definitive response to this interrogatory within the time provided, but it estimates that about 3.5% of the emergency response calls are attributable to Pennsylvania.

**Interrogatory 3:**

Please provide the total number of outbound telemarketing calls placed by either you directly or vendors or third parties you hired, and the proportion thereof, attributable to

Pennsylvania.

**Answer:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to that objection, Defendant states that it did not place the calls at issue in this case and that those calls were not placed by any party hired by Defendant. Defendant does not have records sufficient to provide the total number of outbound telemarketing calls it made into Pennsylvania in the time permitted.

**Interrogatory 4:**

Please describe your marketing efforts for selling your goods and services using outbound telemarketing into Pennsylvania, including a list of any vendor(s) used to conduct such marketing, the scope of work of each such vendor, and the states that these marketing efforts are targeted to if not solely to Pennsylvania. If such marketing efforts are targeted nationwide, so state. If such marketing efforts are restricted by state, so state.

**Answer:**

Defendant states that it does not do any telemarketing through any vendor. Defendant has a small telemarketing group that makes calls on behalf of Defendant. Prior to 2024, that group consisted of seven individuals or less. That group only calls individuals who have opted in to receive such calls. That group did not call the Plaintiff in this case.

## REQUESTS FOR ADMISSIONS

**Request for Admission 1:**

Admit that the calls Plaintiff received were sent to a Pennsylvania telephone number.

**Answer:**

Deny for lack of information.

**Request for Admission 2:**

Admit that you authorize IBAN to market into Pennsylvania.

**Answer:**

Deny.

**Request for Admission 3:**

Admit to all allegations, factual and legal, in Plaintiff's complaint.

**Answer:**

Deny.

**Request for Admission 4:**

Admit that you provide your goods and services to Pennsylvania.

**Answer:**

Deny.

                                                      **STEVE HARVEY LAW LLC**

                                                      /s/ *Stephen G. Harvey*
Stephen G. Harvey (PA 58233) Michael E. Gehring (PA 57224)
E. Kelly Conway (PA 324626) 1880 John F. Kennedy Blvd. Suite 1715
Philadelphia, PA 19103

(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

**BUCHALTER**
**A Professional Corporation**
R. Jeremy Adamson (*pro hac vice*)
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone:  (801) 401-8625
Email:  jadamson@buchalter.com

*Counsel for Defendant LiveFree Emergency Response, Inc. dba LifeBeacon*

**DATED**: June 17, 2025

BN 89553572v1