IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>      Defendants. | Case No. 24-4212 |

**DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO JURISDICTIONAL DISCOVERY AND MOTION AND BRIEF IN SUPPORT OF MOTION TO DEEM ADMISSIONS ADMITTED**

Defendant LiveFree Emergency Response, Inc. d/b/a LifeBeacon ("Defendant" or "LiveFree"), files its Memorandum in Opposition to Plaintiff's Motion to Compel Responses to Jurisdictional Discovery and Motion and Brief in Support of Motion to Deem Admissions Admitted (the "Motion") filed by Plaintiff Leon Weingrad ("Plaintiff" or "Weingrad"), individually, and on behalf of others similarly situated, and respectfully submits the following:

**ARGUMENT**

Plaintiff's motion mischaracterizes both the record and the applicable law in urging this Court to deem admitted certain Requests for Admission ("RFAs") and to compel additional responses to jurisdictional discovery. While Plaintiff relies heavily on the mechanical operation of Rule 36(a)(3), the motion overlooks the Court's discretion in managing discovery, the factual context under which Defendant's responses were served, and Plaintiff's own conduct in delaying service of discovery until May 23, 2025, nearly two weeks into the four-week period set by the court for jurisdictional discovery.

Defendant respectfully submits that there is no justification for the harsh result Plaintiff seeks. Indeed, both Rule 36(b) and relevant precedent acknowledge the availability of judicial discretion to avoid unjust outcomes stemming from the rigid application of deadlines particularly where, as here, there is no prejudice to Plaintiff and good cause exists for Defendant's brief delay.

### *Plaintiff Delayed Service of Discovery Until May 23, 2025 and Afforded Defendant 30 Days to Respond*

Contrary to the insinuation that Defendant ignored court-ordered deadlines, Plaintiff served jurisdictional discovery on May 23, 2025, a full eleven days after the Court's May 12, 2025 Order permitted such discovery. That discovery consisted of written discovery to which a party is normally allowed 30 days for a response. Further, Plaintiff specified in the discovery requests that Defendant had "30 days to respond," thus inviting reasonable reliance on that response window as consistent with the Federal Rules of Civil Procedure. Plaintiff should not now be rewarded with an order that would deprive Defendant of the merits of its defense when Plaintiff waited an unreasonably long time to serve discovery and indicated in that discovery that Plaintiff did not expect a response for 30 days.

### *Defendant Timely Responded Under the Circumstances and Demonstrated Good Cause for Any Delay*

Defendant provided written responses and objections to Plaintiff's discovery on June 17, 2025, merely eight days after the Court's June 9 discovery deadline and thirteen days prior to Plaintiff's deadline for responding to Defendants' renewed motion to dismiss. That limited delay was not the result of gamesmanship or willful disregard, but rather of reasonable reliance on the stated 30-day response period provided for in the discovery requests, which were served by Plaintiff eleven days after the court's order allowing for jurisdictional discovery.[1]

---

[1] Notably, during a meet and confer phone call with counsel on June 17, 2025, Defendant's counsel, in an effort to resolve Plaintiff's stated concerns, offered to cooperate with Plaintiff in requesting that the Court allow Plaintiff additional time to respond to the motion to dismiss to allow Plaintiff

2

### *The Court Has Discretion to Refuse to Deem RFAs Where Good Cause Exists and No Prejudice Occurred*

Plaintiff's demand that the RFAs be deemed admitted relies heavily on a rigid, literal application of Rule 36(a)(3). However, both Rule 36(b) and established precedent provide that admissions may be withdrawn or modified by the Court if doing so would (1) promote the presentation of the merits of the action; and (2) not prejudice the requesting party in maintaining or defending the action on the merits. See Fed. R. Civ. P. 36(b); *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298. Further, "[c]ourts may consider other factors as well, such as whether the moving party can show good cause for the delay." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir.2007).

Here, the RFAs at issue were not simply ignored. Defendant served written responses within the time typically provided for by Rule 36 and which was provided for within the requests at issue, which squarely rebutting the inference of any intent to concede the matters requested. Further, the timing of the responses has not prejudiced Plaintiff. Plaintiff will have thirteen days from the service of those responses to draft any opposition to Defendant's renewed motion to dismiss.

Courts routinely recognize that, in such circumstances, especially where there is no demonstrable prejudice to the requesting party and if the admission would significantly interfere with the party's ability to present the merits of the case, a deemed admission is an unduly severe sanction. See *Gwynn v. City of Philadelphia,* 719 F.3d at 298-299. (The District Court did not abuse its discretion when it withdrew [Party's] deemed admissions where the admissions would have "significantly interfered" with a party's "ability to present the merits of their case" and the requesting party "failed to identify any prejudice they [would suffer] as a result of the withdrawal.")

### *Defendant will Suffer Extreme Prejudice if Plaintiff's Motion is Granted*

If the Court grants the motion and orders the Plaintiffs' requests for admission deemed

---

additional time to evaluate Defendants' discovery responses before filing any opposition. Plaintiff declined that offer in favor of seeking to exact procedural penalties that are neither warranted by law nor compelled by equity.

3

admitted, Defendant will be severely prejudiced. The RFAs go far beyond the issue of jurisdiction. For example, RFA Number 3 states, "Admit to all allegations, factual and legal, in Plaintiff's complaint." An order deeming that request admitted would extremely prejudice Defendant's ability to have the merits of its jurisdictional and other defenses determined by the Court. On the other hand, allowing Defendant's responses to stand as provided in its response to the RFAs will not prejudice Plaintiff in any way. *See Gwynn v. City of Philadelphia*, 719 F.3d at 299 ("The prejudice contemplated by Rule 36(b), however, is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required.")

### ***Plaintiff's Reliance on Shelton is Misplaced and Distinguishable***

Plaintiff relies heavily on *Shelton v. Fast Advance Funding, LLC*, 805 F. App'x 156 (3d Cir. 2020), to argue that the RFAs here must be deemed admitted. However, the facts in *Shelton* are not analogous. In *Shelton*, the defendant completely failed to respond to any of the RFAs and made no effort to engage with opposing counsel or to later serve responses. In contrast, Defendant in the instant case has served responses and has done so with ample time for Plaintiff to address those responses in any opposition to the renewed motion to dismiss. Nothing in *Shelton* requires the draconian result Plaintiff seeks here.

### **CONCLUSION**

This Court is not bound to mechanically apply deadlines in a way that would unjustly penalize a party for an excusable and minimal delay. Defendant relied on Plaintiff's own representation of a 30-day response window in conjunction with the text of Rule 36. Further, Defendant provided responses to the discovery, including the RFAs in time for Plaintiff to address those responses in its opposition to the renewed motion to dismiss. Granting Plaintiff's motion would severely prejudice Defendant's ability to have its defenses determined on their merits, while denying the motion will not prejudice Plaintiff in any cognizable way.

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion in its entirety, including the request to deem the Plaintiffs RFAs admitted.

Respectfully submitted,

**STEVE HARVEY LAW LLC**

/s/ *Stephen G. Harvey*
Stephen G. Harvey (PA 58233)
Michael E. Gehring (PA 57224)
E. Kelly Conway (PA 324626)
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

**BUCHALTER**
**A Professional Corporation**
R. Jeremy Adamson (*pro hac vice*)
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone:  (801) 401-8625
Email:  jadamson@buchalter.com

*Counsel for Defendant LiveFree Emergency Response, Inc. dba LifeBeacon*