IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>                    Defendants. | Case No. 24-4212<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO JURISDICTIONAL DISCOVERY AND
MOTION AND BRIEF IN SUPPORT OF MOTION
TO DEEM ADMISSIONS ADMITTED**

Defendant's opposition to the Plaintiff's motion reveals that it knew *exactly what* it was doing and fails to acknowledge that it has failed to provide the Plaintiff the jurisdictional discovery to which he is entitled. Moreover, Defendant's opposition fails to address the fact that the non-responsive and untimely interrogatory responses it provided remain unverified, the non-responsive and untimely promises to produce documents have not yet actually resulted in the production of a single document, and fails to adequately distinguish the Third Circuit's precedent in *Shelton*, which was decided on *identical* and far less problematic facts then here, where Defendant has failed to provide responses *by the deadline ordered by the Court.* Deadlines mean something, and the Rules dictate that the Defendant must have its admissions deemed admitted for failing to provide a response by the Court's deadline. Although a "harsh result," the failure to abide by the Court's scheduling deadline, in what appears to be an attempt to impede the Plaintiff's ability to defend against the Defendant's motion using the *exact evidence the Court*

1

*stated it would need to consider*, justifies the relief this Court is requested to impose. Regardless of what the instructions in the Plaintiff's requests set forth, the applicable response date was clearly set by court order. Defendant did not respond by the date set by the Court's explicit order, nor did it undertake to clarify or extend the deadline in any manner. This is analogous to the defendant in *Shelton*, who did not answer admissions on the incorrect basis that they were served untimely because they were served with less than thirty days left until the close of discovery, and later arguing its admissions should be withdrawn on the eve of trial. As in *Shelton*, Court should deem the admissions admitted and compel the requested production.

The Third Circuit's holding in *Gwynn*, which was decided *before* the Third Circuit decided *Shelton*, does not mandate a contrary result. As an initial matter, in *Gwynn*, the Third Circuit held that the District Court did not abuse its discretion by granting the plaintiff's *motion to withdraw admissions*. *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013). Here, as in *Shelton*, Defendant has not filed a motion to withdraw the admissions under the procedure provided for under Rule 36(b), but is rather seeking to *answer* the admissions in an untimely manner, after having filed its motion. Even so, here, were the Defendant to subsequently file such a motion, it should still fail under the Rule 36(b) standard. Permitting withdrawal of the admissions would not promote the presentation of the merits of the action, since the Plaintiff would be forced to defend a renewed motion to dismiss for alleged lack of personal jurisdiction, despite the admission of key jurisdictional facts. Moreover, the Plaintiff would be, and remains, severely prejudiced by the Defendant refusing to provide discovery or admissions on the very factors this Court said it would need to consider to adjudicate the Defendant's motion.

Indeed, permitting the Defendant to withdraw its admissions at this stage would contravene Rule 36's "vital purposes," "both of which are designed to reduce trial time." *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 358 (E.D. Pa. 2019), aff'd, 805 F. App'x 156 (3d Cir. 2020) (citing *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) for the proposition that "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that

can be."). As the District Court reasoned in *Shelton*, "If Defendant had responded to these Requests for Admission, or participated in discovery in any way, the Court would have been able to structure the case for trial. Instead, Defendant was disengaged." *Id.*

That reasoning applies with equal force here. If the Defendant had responded to the Requests or participated in discovery in any way, the Court would have been able to better ascertain the jurisdictional basis for the Complaint and evaluate the evidence demonstrating and cutting against the exercise of jurisdiction. Instead, the Court is now called upon to evaluate practically the same motion as before with none of the discovery it said it would need to evaluate in order to decide the motion. By contrast, by deeming the admissions, including jurisdictional allegations, admitted, it can bypass the need to evaluate what is essence is a facially identical and resubmitted motion without evidence and proceed to the merits of the Plaintiff's claims and structure the matter for trial. Indeed, the Plaintiff was completely blindsided by the filing of the instant motion, as the Plaintiff had assumed that the Defendant simply gave up on attempting to allege a lack of personal jurisdiction and intended to file an answer on the merits rather than conduct the jurisdictional discovery, let alone on a nearly identical resubmitted motion without reference to any of the evidence this Court said it would need to consider. As such, any prejudice here clearly cuts against the Plaintiff–and this Court in being unable to evaluate the motion on a full factual record as it intended–not the Defendant.

The Motion should be granted.

RESPECTFULLY SUBMITTED AND DATED this June 22, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date.

I further certify that I mailed a copy of the foregoing to:

IBAN GLOBAL LLC
3411 Hawthorne Road
Pocatello, ID 83201

Dated: June 22, 2025

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com