**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON WEINGRAD, individually and on behalf of all others similarly situated,**<br><br>　　　　　　　**Plaintiff,**<br>　　v.<br><br>**IBAN GLOBAL LLC**<br><br>**and**<br><br>**LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON**<br><br>**Defendants.** | : : : : : : : : : : : : : : : : : : : : : | **Civil Action No. 24-4212** |

**DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S
VERIFIED RESPONSES TO
<u>PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY</u>**

Defendant Livefree Emergency Response, Inc. d/b/a Lifebeacon ("Defendant"), through

counsel, hereby answers the jurisdictional discovery filed by Plaintiff Leon Weingrad ("Plaintiff")

and responds to the below:

<u>**Request 1**</u>:

Please produce all documents supporting or contradicting any assertion you have made that

LiveFree is not subject to specific personal jurisdiction in Pennsylvania for the conduct alleged.

<u>**Answer**</u>:

Defendant objects to this request as being exceedingly overbroad and unduly burdensome

in that it asks for all documents that would prove a negative, specifically that LiveFree is not

BN 90881611v1

subject to personal jurisdiction in Pennsylvania. Defendant also objects to the request as calling for a legal conclusion.

**Request 2**:

Please produce all documents outlining your marketing efforts for LiveFree's goods and services, either directly or through vendors like IBAN, by state or nationally, including Pennsylvania. This request includes, but is not limited to, documents and reports summarizing or reporting on the LiveFree's sales of goods and services, as well as monitoring efforts and services offered in Pennsylvania, relative to other states.

**Answer**:

Defendant objects to this request as being overbroad and unduly burdensome in seeking all documents "outlining" Defendants' "marketing efforts" and as requiring document unrelated to any of the allegations at issue in this case. Defendant objects to this request as being vague and ambiguous as to the term "marketing efforts." Notwithstanding the forgoing objections LiveFree will produce its agreement with IBAN.

**Request 3**:

Please produce all documents related to the telephone numbers 267-XXX-XXXX (the Plaintiff's number) and 833-981-3237, including those documents related your investigation into the text messages sent to Plaintiff and messaging conduct into Pennsylvania and nationwide, including communication with any vendors or third parties.

**Answer**:

Defendant will produce all responsive documents it is able to locate through a reasonable search.

2

**Request 4**:

Please produce all agreements, contracts, statements of work, policies, or other instruction(s) relating to marketing via telemarketing, including the sending of outbound calls to Pennsylvania, including any such documents provided to vendors or third parties, including IBAN. This request also includes, but is not limited to, all licenses and applications held by LiveFree for the provision of services or any other matter for which licensing is required, in Pennsylvania.

**Answer**:

Defendant responds that it has no such documents other than its agreement with IBAN which it is producing to Plaintiff.

**Request 5**:

Please produce all documents relating to complaints, formal or informal, or do-not-call requests concerning calls placed to Pennsylvania, including, but not limited to, complaints about IBAN from Pennsylvania residents, as well as lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB, or any other source, whether or not such calls were directly placed by you or through vendors like IBN.

**Answer**:

Defendant states that it will produce any such documents within its possession or control, located through a reasonable search, so long as such documents are not privileged.

**Request 6**:

All communications in your possession, care, custody, or control regarding the Plaintiff.

3

**Answer:**

Defendant states that it will produce such documents within its possession or control, if any, located through a reasonable search, so long as such documents are not privileged.

## INTERROGATORIES

**Interrogatory 1:**

Please provide your total number of customers and total revenue, and the proportion thereof, attributable to Pennsylvania.

**Answer:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to and without waiving that objection, Defendant states that it does not keep records sufficient to provide a definitive response to this interrogatory, but it estimates that less than 1% of its revenues originate from customers located in Pennsylvania.

**Interrogatory 2:**

Please provide your total number of monitoring emergency response calls, and the proportion thereof, attributable to Pennsylvania.

**Answer:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to and without waiving that objection, Defendant states that it does not keep records sufficient to provide a definitive response to this interrogatory within the time provided, but it estimates that about 3.5% of the emergency response calls are attributable to Pennsylvania.

**Interrogatory 3:**

Please provide the total number of outbound telemarketing calls placed by either you directly or vendors or third parties you hired, and the proportion thereof, attributable to

4

Pennsylvania.

**<u>Answer</u>:**

Defendant objects to this interrogatory as being vague and ambiguous as to time. Subject to that objection, Defendant states that it did not place the calls at issue in this case and that those calls were not placed by any party hired by Defendant. Defendant does not have records sufficient to provide the total number of outbound telemarketing calls it made into Pennsylvania in the time permitted.

**<u>Interrogatory 4</u>:**

Please describe your marketing efforts for selling your goods and services using outbound telemarketing into Pennsylvania, including a list of any vendor(s) used to conduct such marketing, the scope of work of each such vendor, and the states that these marketing efforts are targeted to if not solely to Pennsylvania. If such marketing efforts are targeted nationwide, so state. If such marketing efforts are restricted by state, so state.

**<u>Answer</u>:**

Defendant states that it does not do any telemarketing through any vendor. Defendant has a small telemarketing group that makes calls on behalf of Defendant. Prior to 2024, that group consisted of seven individuals or less. That group only calls individuals who have opted in to receive such calls. That group did not call the Plaintiff in this case.

**DATED**: June 30, 2025

STEVE HARVEY LAW LLC

/s/ *Stephen G. Harvey*
Stephen G. Harvey (PA
58233) Michael E. Gehring
(PA 57224)
E. Kelly Conway (PA
324626) 1880 John F.
Kennedy Blvd. Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com


BUCHALTER
**A Professional Corporation**
R. Jeremy Adamson (*pro hac vice*)
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone:  (801) 401-8625
Email:  jadamson@buchalter.com

*Counsel for Defendant LiveFree Emergency
Response, Inc. dba LifeBeacon*

6

## <u>VERIFICATION OF INTERROGATORY AND REQUESTS</u><br><u>FOR PRODUCTION RESPONSES</u>

I have read the factual portions of Defendants' responses to the interrogatories and requests for production contained in Plaintiff's First Set of Jurisdictional Discovery Requests, and hereby declare under penalty of perjury that the factual responses are true and correct to the best of my knowledge.

**DATED**:   June 30, 2025

*/s/ Josh Chandler (with permission)*

Josh Chandler

 **Outlook**

---

**FW: Website Contact Form Submission: "LiveFree Emergency Response, Inc. - SETTLEMENT COMMUNICATION"**

---

**From** Julie Morris <julie.morris@lifebeacon.com>
**Date** Wed 7/22/2020 11:35 AM
**To** Kevin Quinton <qsynergyllc@gmail.com>
**Cc** Josh Chandler <josh.chandler@lifebeacon.com>

Kevin,
　　Can you look into/handle this please?

Thank you so much and make it a great day!



-----Original Message-----
From: LifeBeacon.com [mailto:wordpress@lifebeacon.com]
Sent: Wednesday, July 22, 2020 10:47 AM
To: Dealer Support
Subject: Website Contact Form Submission: "LiveFree Emergency Response, Inc. - SETTLEMENT COMMUNICATION"

From: Jeremy Jackson <jjackson@bower-law.com>
Subject: LiveFree Emergency Response, Inc. - SETTLEMENT COMMUNICATION

Requesting information about:
Customer Service

Message Body:
To Whom It May Concern:


My client, Gerard Jackson, received at least eight (8) unsolicited telemarketing calls from LiveFree Emergency Response, Inc. ("LiveFree") d/b/a Q Synergy to his cellular telephone, 814-238-5007, which is registered on the Federal and Pennsylvania Do-Not-Call Registries. These unsolicited telemarketing calls marketed him an emergency alarm product.


These callers would not honor my client's request to not be called. False local telephone numbers were transmitted to my client's telephone caller ID, caller ID "Neighborhood Spoofing", an attempt to deceive my client into thinking a local person was calling him. Also because of this he was unable to call back the entities that made these unsolicited telemarketing calls to him to attempt to make these calls stop. This forced my client to purchase the offered product to identify who was making these unsolicited

LIVEFREE000001

telemarketing calls to him.

My client's credit card was charged by "Q Synergy" on June 5, 2020 for $39.99 and he received a "Life Beacon" emergency response system in the mail from Q Synergy several days later.

Q Synergy is a d/b/a for LifeFree. The package inserts all show the business address of LiveFree's principal place of business, 3411 Hawthorne Road, Pocatello, ID 83201.

My client is aware of receiving the following unsolicited telemarketing calls from LifeFree or its agent to his 814-238-5007 telephone with the following numbers appearing on his caller ID:

-June 3, 2020 at 12:41 PM from 814-238-7042,

-June 3, 2020 at 1:02 PM from 814-238-5268,

-June 3, 2020 at 5:48 PM from 814-238-9481,

-June 4, 2020 at 11:38 PM from 814-238-3655,

-June 4, 2020 at 1:17 PM from 814-238-4115,

-June 4, 2020 at 2:41 PM from 814-238-1814,

-June 4, 2020 at 5:39 PM from 814-238-7573, (this call terminated for an unknown reason, but the automated system called back and continued the process at 5:48 PM) and

-June 4, 2020 at 5:48 PM from 814-238-9129.

When my client answered the aforementioned calls he heard a long delay and a tone indicating the use of an automatic telephone dialing system ("ATDS"). Additionally, he heard a prerecorded voice/message that marketed him this alarm system. Being unable to stop the aforementioned calls, my client, during the final two listed calls purchased the offered product to determine the source of these unsolicited telemarketing calls. During these two calls he once again heard a prerecorded voice that collected his address and payment information before he was transferred to a live person for final "verification" of his order.

These unsolicited telemarketing calls made to my client violate numerous Federal and Pennsylvania state

LIVEFREE000002

do-not-call laws, including:

-Calling with an Automatic Telephone Dialing System, 47 U.S.C. § 227(b)(1)(A)(iii), $500.00 per call or $1,500.00 per call if trebled as permitted by statute, at least eight (8) violations of this provision, a total of $12,000.00,

-Calling using a prerecorded voice, 47 U.S.C. § 227(b)(1)(A)(iii), $500.00 per call or $1,500.00 per call if trebled as permitted by statute, at least eight (8) violations of this provision, a total of the trebled statutory damages is $12,000.00,

-Calling a number listed on the Federal DNC Registry, 47 C.F.R. § 64.1200(c)(2), $500.00 per call or $1,500.00 per call if trebled as permitted by statute, at least eight (8) violations of this provision, a total of $12,000.00,

-Calling a number listed on the Pennsylvania DNC Registry, 73 P.S. § 2245.2(A), $100.00 per call or $300.00 per call if trebled as permitted by statute, at least eight (8) violations of this provision, a total of $2,400.00, and

-Calling with caller identification blocking (transmitting a false or "spoofed" telephone number), 73 P.S. § 2245, $100.00 per call or $300.00 per call if trebled as permitted by statute, at least eight (8) violations of this provision, a total of $2,400.00.

The total statutory damage amount for these aforementioned consumer protection statutes, trebled as permitted by statute, is $40,800.00. This amount does not include costs and attorney fees, which are permitted to be awarded by statute.

Because my client's telephone number was registered on the Federal and Pennsylvania Do-Not-Call Registries and the highly deceptive practice of Caller ID spoofing was used, treble damages for knowing and/or willful conduct are appropriate.

However, at this prelitigation stage, my client is willing to settle his claims for only the statutory prescribed minimum damages for these violations, which total $13,600.00.

Please contact me regarding this matter once you have reviewed this matter.

LIVEFREE000003

--

Very truly yours,


Jeremy C. Jackson, Esq.

BOWER LAW ASSOCIATES, PLLC
The Towers
403 South Allen Street, Suite 210
State College, PA  16801

Telephone  (814) 234-2626
Facsimile  (814) 237-8700
--
This e-mail was sent from a contact form on LifeBeacon.com ([http://lifebeacon.com](http://lifebeacon.com))

LIVEFREE000004

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Kevin Quinton <qsynergyllc@gmail.com> |
| **Sent:** | Tuesday, May 24, 2022 11:01 AM |
| **To:** | Josh Chandler |
| **Subject:** | *EXTERNAL MESSAGE*Fwd: Stewart Abramson v. Livefree Emergency Response, Joshua Chandler, Qsynergy, Qsulting, and Kevin Quinton |
| **Attachments:** | image001.jpg; image001.jpg; 5-24-22 Letter.pdf |

---------- Forwarded message ---------
From: **Kevin Quinton** <qsynergyllc@gmail.com>
Date: Tue, May 24, 2022, 10:16 AM
Subject: Fwd: Stewart Abramson v. Livefree Emergency Response, Joshua Chandler, Qsynergy, Qsulting, and Kevin Quinton
To: <coffeedrinker81@protonmail.com>

---------- Forwarded message ---------
From: **legal247** <legal247@verizon.net>
Date: Tue, May 24, 2022, 10:05 AM
Subject: Stewart Abramson v. Livefree Emergency Response, Joshua Chandler, Qsynergy, Qsulting, and Kevin Quinton
To: <qsynergyllc@gmail.com>

Livefree Emergency Response, Inc.                              May 24, 2022

c/o Incorp Services

919 North Market Street, Suite 950

Wilmington, DE   19801

Livefree Emergency Response, Inc.

c/o Joshua K. Chandler

3411 Hawthorne Road

Pocatello, ID   83201

Livefree Emergency Response, Inc.

LIVEFREE000005

901 Pier View Drive, Suite 206

Idaho Falls, ID   83402


Qsynergy, LLC

Qsulting, LLC

c/o Kevin Quinton

19219 Brown Road

Lutz, FL   33559


qsynergyllc@gmail.com


To whom it may concern:


In 2020, and again in 2021, I filed civil lawsuits against Livefree Emergency Response, Inc. (and against Qsynergy, LLC and IBAN Global, LLC) for prerecorded telemarketing calls that I received from them in violation of the Telephone Consumer Protection Act (TCPA).


Unfortunately, on 5/23/22 I received yet another telemarketing call, and the caller once again delivered the following prerecorded message without my prior express written consent in violation of the TCPA.


> "Hello, this is Amy with medical services.  You were recently recommended by a medical professional to receive an emergency medical alert system at no cost to you, and your system is ready to be shipped.  Press one now, and hold the line to receive your medical alert system at no cost.  One in three Americans over the age of sixty five fall every year in the US, and it could be the last.  Don't be a statistic.  Press one now and hold the line to receive your no-cost medical alert system.  Press one now.  Press nine to opt out."


I pressed one in response to the prerecorded message to determine who was calling me, and as a result of my conversation with the telemarketing agent my credit card was charged $39.99 by Qsynergy at 3411 Hawthorne, Pocatello, ID 83201 (813-492-8627).

LIVEFREE000006

The telemarketing call that I received on 5/23/22 violated the following four separate sections of the TCPA, including; 47 CFR 64.1200(a)(3), 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2), and 47 CFR 64.1200(b)(3). Each of these four separate violations of the TCPA is subject to a minimum of $500.00 in mandatory statutory damages. In addition, the court may treble these minimum statutory damages if they are determined to have been performed "willfully or knowingly".

In addition to the civil lawsuits that I previously filed against Livefree Emergency Response, Inc. (and against Qsynergy, LLC and IBAN Global, LLC), I also have over 20 years of litigation experience with the TCPA. This includes numerous individual civil complaints filed in State court, and several class-action civil complaints filed in Federal court (you can see my website www.stewartabramson.com for additional information).

I am willing to settle this matter out of court if you respond to this letter before 6/13/22.

If I do not hear from you before 6/13/22, then I will be forced to file yet another civil complaint in the Pennsylvania Court of Common Pleas. I will name Livefree Emergency Response Inc., Joshua K. Chandler, Qsynergy LLC, Qsulting LLC, and Kevin Quinton as the Defendants, and I will request that the court award me the maximum trebled damages plus all costs and attorney fees from each of the Defendants, jointly and severally.

Sincerely,

Stewart Abramson

522 Glen Arden Drive

Pittsburgh, PA    15208

412-362-4233  (voice)

412-661-0871  (fax)

Legal247@verizon.net

LIVEFREE000007

4

LIVEFREE000008

**The Telephone Consumer Protection Act**

**[47 USC 227 and 47 CFR 64.1200]**

<u>47 CFR 64.1200(a)</u>

(a) No person or entity may:

(3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call:

    (i)   Is made for emergency purposes,

    (ii)  Is not made for a commercial purpose,

    (iii) Is made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute telemarketing,

    (iv) Is made by or on behalf of a tax-exempt nonprofit organization, or

    (v)  Delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

<u>47 CFR 64.1200(b)</u>

(b) All artificial or prerecorded telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

(2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual.  The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.  For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; and

(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.  When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call.  When the artificial or prerecorded voice telephone message is

LIVEFREE000009

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Tina Taresh <tina.taresh@lifebeacon.com> |
| **Sent:** | Wednesday, December 28, 2022 1:32 PM |
| **To:** | Josh Chandler |
| **Subject:** | FW: [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response |

**From:** Andy P. <andyperrong@gmail.com>
**Sent:** Wednesday, December 28, 2022 12:10 PM
**To:** Tina Taresh <tina.taresh@lifebeacon.com>
**Subject:** [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response

 December 28, 2022
Re: Violation of the Telephone Consumer Protection Act

Gentlemen:

My name is Andrew Perrong. I write to bring to your attention a telemarketing concern of mine.
Starting on November 4, 2022, I received multiple robocalls placed using a prerecorded message from "spoofed" caller IDs beginning with 215-396-5XXX, including 215-396-5796 and 215-396-5342. I also received a call from 208-538-2424 placed using an Automatic Telephone Dialing System (ATDS) to confirm the order. The calls were placed to 215-322-7485.

Of note, on December 14, I provided information to the caller to identify the caller and attempted to purchase a system to uncover the true identity of the caller. Thereafter, I received in the mail a medical alert device sent from your company. The information contained in that package matched the information provided on the December 14 telephone call.

I did not provide my consent to your company to make calls to me, and believe that your actions constitute illegal violations of the Telephone Consumer Protection Act. My telephone number, 215-322-7485, is on the National Do Not Call List and is charged per minute for each call received on it. It is my understanding that according to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make calls to someone on the Do Not Call List without first obtaining the express consent of the recipient. Furthermore, the calls appear to have been placed by an automatic telephone dialing system or an artificial or prerecorded voice, as the case may be, which is prohibited by the TCPA, without first obtaining my written consent.

I am now rescinding any contracts, agreements, and any provisions of those contracts you may claim to have created with me via these illegal and unsolicited calls in writing via this email. This includes any class action waiver, jury trial waiver, arbitration, renewal, early termination, customer information, and limitation provisions in any "contract" you contend I may have entered in with you. I am also using this e-mail to revoke any purported consent you may continue to have to contact me, even though I contend that you never had consent to contact me. I am also using this e-mail to request a copy of your company's do-not-call policy.

Please forward to my attention all documents that evidence any purported consent to receive calls from your company, any other documents that support a claim that the calls placed to me were not illegal, as well as any other documents that support a claim that there is no relationship between the company that made the calls and your company, if that's your claim. Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions.

LIVEFREE000010

Please forward this information to my attention by e-mail (andyperrong@gmail.com) or a USPS letter with an e-mail carbon copy by Wednesday, January 4, 2023.

Thank you kindly,
Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046
215-791-6957
215-322-7485

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

LIVEFREE000011

left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

47 USC 227(b)(3)

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

LIVEFREE000012

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Tina Taresh <tina.taresh@lifebeacon.com> |
| **Sent:** | Wednesday, December 28, 2022 1:32 PM |
| **To:** | Josh Chandler |
| **Subject:** | FW: [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response |

**From:** Andy P. <andyperrong@gmail.com>
**Sent:** Wednesday, December 28, 2022 12:10 PM
**To:** Tina Taresh <tina.taresh@lifebeacon.com>
**Subject:** [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response

 December 28, 2022
Re: Violation of the Telephone Consumer Protection Act

Gentlemen:

My name is Andrew Perrong. I write to bring to your attention a telemarketing concern of mine.
Starting on November 4, 2022, I received multiple robocalls placed using a prerecorded message from "spoofed" caller IDs beginning with 215-396-5XXX, including 215-396-5796 and 215-396-5342. I also received a call from 208-538-2424 placed using an Automatic Telephone Dialing System (ATDS) to confirm the order. The calls were placed to 215-322-7485.

Of note, on December 14, I provided information to the caller to identify the caller and attempted to purchase a system to uncover the true identity of the caller. Thereafter, I received in the mail a medical alert device sent from your company. The information contained in that package matched the information provided on the December 14 telephone call.

I did not provide my consent to your company to make calls to me, and believe that your actions constitute illegal violations of the Telephone Consumer Protection Act. My telephone number, 215-322-7485, is on the National Do Not Call List and is charged per minute for each call received on it. It is my understanding that according to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make calls to someone on the Do Not Call List without first obtaining the express consent of the recipient. Furthermore, the calls appear to have been placed by an automatic telephone dialing system or an artificial or prerecorded voice, as the case may be, which is prohibited by the TCPA, without first obtaining my written consent.

I am now rescinding any contracts, agreements, and any provisions of those contracts you may claim to have created with me via these illegal and unsolicited calls in writing via this email. This includes any class action waiver, jury trial waiver, arbitration, renewal, early termination, customer information, and limitation provisions in any "contract" you contend I may have entered in with you. I am also using this e-mail to revoke any purported consent you may continue to have to contact me, even though I contend that you never had consent to contact me. I am also using this e-mail to request a copy of your company's do-not-call policy.

Please forward to my attention all documents that evidence any purported consent to receive calls from your company, any other documents that support a claim that the calls placed to me were not illegal, as well as any other documents that support a claim that there is no relationship between the company that made the calls and your company, if that's your claim. Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions.

LIVEFREE000013

Please forward this information to my attention by e-mail (andyperrong@gmail.com) or a USPS letter with an e-mail carbon copy by Wednesday, January 4, 2023.

Thank you kindly,
Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046
215-791-6957
215-322-7485

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

LIVEFREE000014

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Julie Morris <julie.morris@lifebeacon.com> |
| **Sent:** | Thursday, December 29, 2022 7:36 AM |
| **To:** | Josh Chandler |
| **Subject:** | FW: [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response |

## Wishing you a safe and Happy Holiday Season!

## Julie Anne Morris | *Manager*
Ph: (208) 538-2424
Direct: (208) 525-5180

**LiveFree Emergency Response, Inc.**
3411 Hawthorne Rd.
Pocatello, ID 83201
www.lifebeacon.com

---

**From:** Andy P. <andyperrong@gmail.com>
**Sent:** Wednesday, December 28, 2022 12:04 PM
**To:** Info <info@lifebeacon.com>
**Subject:** [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response

 December 28, 2022
Re: Violation of the Telephone Consumer Protection Act

Gentlemen:

My name is Andrew Perrong. I write to bring to your attention a telemarketing concern of mine.
Starting on November 4, 2022, I received multiple robocalls placed using a prerecorded message from "spoofed" caller IDs beginning with 215-396-5XXX, including 215-396-5796 and 215-396-5342. I also received a call from 208-538-2424 placed using an Automatic Telephone Dialing System (ATDS) to confirm the order. The calls were placed to 215-322-7485.

Of note, on December 14, I provided information to the caller to identify the caller and attempted to purchase a system to uncover the true identity of the caller. Thereafter, I received in the mail a medical alert device sent from your company. The information contained in that package matched the information provided on the December 14 telephone call.

I did not provide my consent to your company to make calls to me, and believe that your actions constitute illegal violations of the Telephone Consumer Protection Act. My telephone number, 215-322-7485, is on the National Do Not Call List and is charged per minute for each call received on it. It is my understanding that according to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make calls to someone on the Do Not Call List without first obtaining the express consent of the recipient. Furthermore, the calls appear to have been placed by an automatic telephone dialing system or an artificial or prerecorded voice, as the case may be, which is prohibited by the TCPA, without first obtaining my written consent.

1

LIVEFREE000015

I am now rescinding any contracts, agreements, and any provisions of those contracts you may claim to have created with me via these illegal and unsolicited calls in writing via this email. This includes any class action waiver, jury trial waiver, arbitration, renewal, early termination, customer information, and limitation provisions in any "contract" you contend I may have entered in with you. I am also using this e-mail to revoke any purported consent you may continue to have to contact me, even though I contend that you never had consent to contact me. I am also using this e-mail to request a copy of your company's do-not-call policy.

Please forward to my attention all documents that evidence any purported consent to receive calls from your company, any other documents that support a claim that the calls placed to me were not illegal, as well as any other documents that support a claim that there is no relationship between the company that made the calls and your company, if that's your claim. Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions. Please forward this information to my attention by e-mail (andyperrong@gmail.com) or a USPS letter with an e-mail carbon copy by Wednesday, January 4, 2023.

Thank you kindly,
Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046
215-791-6957
215-322-7485

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

2

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Josh Chandler <josh.chandler@lifebeacon.com> |
| **Sent:** | Thursday, December 29, 2022 8:58 AM |
| **To:** | Andy P. |
| **Subject:** | Re: [EXTERNAL MESSAGE] Re: [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response |

Thanks Andy. I will look into it and have someone from IBAN contact you.

I can appreciate your skepticism but you are incorrect. We are a device manufacturer that also provides a "turnkey" service to folks like IBAN that want to provide personal emergency response services but don't have the infrastructure to do so. The device has our name on it the same way your iPhone says Apple; but IBAN pays us for it, the same way that AT&T or T-Mobile pays Apple for the iPhone they then provide you. In this case the company selling you service is IBAN. The equipment they are providing they buy from us. We also handle billing, fulfillment, customer service, etc. as well, so you definitely will see our address on things and be directed to call our third-party customer service line assigned to IBAN.

In short, I can understand why you contacted us, I would probably have done the same thing, but now you are aware of the arrangement. Have a great New Year. I will have someone from IBAN reach out.

Get Outlook for iOS

---

**From:** Andy P. <andyperrong@gmail.com>
**Sent:** Thursday, December 29, 2022 8:41:12 AM
**To:** Josh Chandler <josh.chandler@lifebeacon.com>
**Subject:** [EXTERNAL MESSAGE] Re: [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response

Mr. Chandler,

I just don't find your claims credible, particularly as I was sent a device with LiveFree/IBAN's name on it and the proposed contract included in the package also mentions IBAN.
However, the telephone number called, as I stated in the original email, was 215-322-7485.
Please provide me any responsive information no later than January 6, 2022.

Thank you kindly,
Andrew Perrong

On Thu, Dec 29, 2022 at 1:56 AM Josh Chandler <josh.chandler@lifebeacon.com> wrote:

Andy:

No one at LiveFree Emergency Response called you. And no one acting on behalf of LiveFree Emergency Response called you.

1

LIVEFREE000017

Our company provides customer support, billing, equipment and monitoring services to other companies one or more of whom might have called you. We bill on behalf of these companies but remit the payments to them and we don't place any calls except after an order is made in order to help the customer activate their product. As I'm sure you know, placing an order would constitute consent and the establishment of a business relationship for any calls after the order was placed, which are the only calls we or anyone acting on our behalf would have made.

If you tell me what number you allege was called I can try to locate which dealer of our might have called you. You will need to deal with that group on a resolution.

Get Outlook for iOS

---

**From:** Andy P. <andyperrong@gmail.com>
**Sent:** Wednesday, December 28, 2022 12:09:06 PM
**To:** Josh Chandler <josh.chandler@lifebeacon.com>
**Subject:** [EXTERNAL MESSAGE] Illegal Calls from IBAN Global / LiveFree Emergency Response

  December 28, 2022
Re: Violation of the Telephone Consumer Protection Act

Gentlemen:

My name is Andrew Perrong. I write to bring to your attention a telemarketing concern of mine. Starting on November 4, 2022, I received multiple robocalls placed using a prerecorded message from "spoofed" caller IDs beginning with 215-396-5XXX, including 215-396-5796 and 215-396-5342. I also received a call from 208-538-2424 placed using an Automatic Telephone Dialing System (ATDS) to confirm the order. The calls were placed to 215-322-7485.

Of note, on December 14, I provided information to the caller to identify the caller and attempted to purchase a system to uncover the true identity of the caller. Thereafter, I received in the mail a medical alert device sent from your company. The information contained in that package matched the information provided on the December 14 telephone call.

I did not provide my consent to your company to make calls to me, and believe that your actions constitute illegal violations of the Telephone Consumer Protection Act. My telephone number, 215-322-7485, is on the National Do Not Call List and is charged per minute for each call received on it. It is my understanding that according to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make calls to someone on the Do Not Call List without first obtaining the express consent of the recipient. Furthermore, the calls appear to have been placed by an automatic telephone dialing system or an artificial or prerecorded voice, as the case may be, which is prohibited by the TCPA, without first obtaining my written consent.

I am now rescinding any contracts, agreements, and any provisions of those contracts you may claim to have created with me via these illegal and unsolicited calls in writing via this email. This includes any class action waiver, jury trial waiver, arbitration, renewal, early termination, customer information, and limitation provisions in any "contract" you contend I may have entered in with you. I am also using this e-mail to revoke any purported consent you may continue to have to contact me, even though I contend that you never had consent to contact me. I am also using this e-mail to request a copy of your company's do-not-call policy.

Please forward to my attention all documents that evidence any purported consent to receive calls from your

LIVEFREE000018

company, any other documents that support a claim that the calls placed to me were not illegal, as well as any other documents that support a claim that there is no relationship between the company that made the calls and your company, if that's your claim. Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions. Please forward this information to my attention by e-mail (andyperrong@gmail.com) or a USPS letter with an e-mail carbon copy by Wednesday, January 4, 2023.

Thank you kindly,
Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046
215-791-6957
215-322-7485

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

LIVEFREE000019

**W** THE WEITZ FIRM, LLC
A TRIAL BOUTIQUE

1515 MARKET STREET, SUITE 1100
PHILADELPHIA, PENNSYLVANIA 19102
(267)587-6240

Max S. Morgan, Esquire
max.morgan@theweitzfirm.com

January 24, 2023

**VIA CERTIFIED- RRR, No.: 7019 1120 0002 1041 8425**
**AND FIRST-CLASS MAIL**
LiveFree Emergency Response, Inc.
Attn: Joshua K. Chandler, Esquire
3411 Hawthorne Road
Pocatello, ID 83201

     **Re:   LiveFree Emergency Response, Inc. TCPA Violations**

Dear Mr. Chandler:

     I write on behalf of my client, Eleanora C Woods, regarding LiveFree Emergency Response, Inc.'s d/b/a MediButton ("MediButton") violations of the Telephone Consumer Protection Act ("TCPA") on calls placed to Ms. Wood's telephone number ending in 1729.

     Beginning on or about February 23, 2022, Ms. Woods began receiving calls from MediButton. During certain of these calls, when Ms. Woods or her daughter answered these calls, an artificial or prerecorded voice message played. Ms. Woods is a senior citizen with health issues. Many of these calls were confusing and falsely suggested that her medical team was in contact with MediButton.

     Each of these calls violated the TCPA. Prerecorded and autodialed telemarketing calls to telephones are illegal without the prior express written consent of the call recipient. Ms. Woods has never provided such consent. Further, Ms. Woods' telephone number has been on the National Do-Not-Call Registry since September 1, 2003. The TCPA provides for a private right of action and permits a party to recover $500 in damages for each violation.[1] If a court finds that the defendant willfully or knowingly violated the TCPA, the court may award treble damages of $1500 for each violation.[2] Based on the prior lawsuits filed against LiveFree[3], Livefree knowingly violated the TCPA with respect to Ms. Woods.

---

[1] *See* 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(c)(5)(b).
[2] *See* 47 U.S.C. §227(b)(3); 47 U.S.C. § 227(c)(5).
[3] *See Mey v. Livefree Emergency Response, Inc. et al*, Case No. 17-131 (N.D. W. Va. August 18, 2017) and *Boehm v. Livefree Emergency Response, Inc. et al.,* Case No. 19-00208 (D. Neb. May 9, 2019); *Stafford v. LiveFree Emergency Response, Inc.,* Case No. 4:21-cv-00184 (E.D. Tex. 2021).

LIVEFREE000020

With the above in mind, I would like to discuss if and how we can resolve this issue prior to litigation.  You can reach me by email at max.morgan@theweitzfirm.com or by phone at (484) 838-7227.  If you are interested in such a discussion, please reach out to me by February 10, 2023.


Thank you for your prompt attention to this matter.


Very truly yours,

**THE WEITZ FIRM, LLC**

MAX S. MORGAN, ESQUIRE

LIVEFREE000021

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Andrew Perrong <a@perronglaw.com> |
| **Sent:** | Thursday, August 1, 2024 12:41 PM |
| **To:** | Josh Chandler |
| **Cc:** | Anthony Paronich; Kevin Kevin |
| **Subject:** | Re: Weingrad v. IBAN Global LLC |

Not sure what happened, but I never received a call from you guys. Please advise and I look forward to hearing from you.

On Wed, Jul 31, 2024 at 8:22 PM Andrew Perrong <a@perronglaw.com> wrote:
> Gentlemen:
>
> I will be around at 1:00 PM Eastern. Have Kevin call 215-225-5529.
>
> On Wed, Jul 31, 2024 at 1:28 PM Josh Chandler <josh.chandler@lifebeacon.com> wrote:
>> Kevin is copied here so I leave it to him.  I believe he mentioned around 1 PM eastern.
>>
>> ---
>> **From:** Andrew Perrong <a@perronglaw.com>
>> **Sent:** Wednesday, July 31, 2024 11:16 AM
>> **To:** Josh Chandler <josh.chandler@lifebeacon.com>
>> **Cc:** Kevin Kevin <kkqq77@yahoo.com>; Anthony Paronich <anthony@paronichlaw.com>
>> **Subject:** Re: Weingrad v. IBAN Global LLC
>>
>> Yes. What time should I expect his call? Also looping in my co-counsel Anthony on this case in case he would want to join as well.
>>
>> On Wed, Jul 31, 2024, 1:13 PM Josh Chandler <josh.chandler@lifebeacon.com> wrote:
>>> Andrew:
>>>
>>> Kevin Quinton will call you tomorrow on behalf of IBAN.  Is the number on your letterhead the best one to use?
>>>
>>>
>>> ---
>>> **From:** Andrew Perrong <a@perronglaw.com>
>>> **Sent:** Saturday, July 27, 2024 5:33 PM
>>> **To:** Josh Chandler <josh.chandler@lifebeacon.com>
>>> **Subject:** Weingrad v. IBAN Global LLC
>>>
>>> Gentlemen:
>>>
>>> Please see the attached correspondence and direct all further communications to my attention.
>>>
>>> --

LIVEFREE000022

Thank you kindly,
Andrew Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529 (CALL-LAW)

LIVEFREE000023



**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                                     Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                                   Fax (888) 329-0305

July 27, 2024

*VIA POSTAL MAIL AND EMAIL*

IBAN Global LLC
3411 Hawthorne Rd.
Pocatello, ID 83201

Re:      *Rule 408 Communication Regarding TCPA Violations*

Gentlemen:

My client, Leon Weingrad, has retained me to investigate allegations that you have
violated the Telephone Consumer Protection Act. Please direct all further contact in
this matter to my attention. We write this correspondence to ascertain why my
client received calls and to give you the opportunity to explain your actions.

In sum, on May 2, 2024, June 7, 2024, and July 15, 2024, my client received at least
five calls to 267-949-7476, his personal cellular telephone number listed on the
National Do Not Call Registry, from employees of your company selling medical
alert systems from the "spoofed" caller IDs 315-615-0104, 573-347-7875, +48
45288276, and 310-947-0688.

My client thereafter received a medical alert system and proposed contract from
your company IBAN Global LLC. Mr. Weingrad's credit card was also charged. To
be clear, my client rejects, revokes, and rescinds any purported, proposed, or
purportedly agreed to contract or agreement of any manner whatsoever, including
any terms contained therein. You should also immediately refund any charges.

The aforementioned calls violated the TCPA because they were sent without
consent to Mr. Weingrad's number on the National Do Not Call Registry. 47 C.F.R.
§ 64.1200(c)(2). You are therefore liable to Mr. Weingrad for statutory and treble
damages. 47 U.S.C § 227 (c)(5).

LIVEFREE000024

You are hereby put on notice to preserve all potentially discoverable information, documents, photographs, videos, audio recordings, and things in relation to this matter. Preservation means taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of discoverable material, as well as negligent or intentional handling that would make any electronically stored information (ESI) incomplete or inaccessible. This obligation extends both to IBAN and any vendors, third parties, or agents subject to your control.

You should also preserve, and prepare for production, all telephones, telephone systems, servers, computers, tablets, laptops, and mobile devices that may contain potentially relevant ESI for forensic imaging and inspection, including those devices containing logs or correspondences related to this matter. At the same time, you must preserve, and prepare for production, all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things within your possession, custody or control necessary to access, view, and (if necessary) reconstruct discoverable ESI.

If you have any objection to preservation, or if the data has been lost/destroyed, please also let me know as soon as possible.

That being said, and in the interest of avoiding unnecessary litigation, we write to attempt to negotiate a settlement with you for a release of your company from the aforementioned claims and to ascertain any applicable defenses you may have to my client's allegations. Please consider this offer swiftly and carefully, as we will only remain willing to negotiate until August 9, 2024.

We await your response and reserve all rights with respect to the form, nature, and cause(s) of action, including a class action, my client intends to seek if a complaint is filed.

Very Truly Yours,

Andrew R. Perrong, Esq.

2

LIVEFREE000025

**Lujan, Jocelyn**

| | |
|---|---|
| **From:** | Josh Chandler |
| **Sent:** | Thursday, August 22, 2024 1:12 PM |
| **To:** | Jeremy Adamson |
| **Subject:** | Fw: Weingrad v. IBan Global LLC and LifeBeacon |
| **Attachments:** | WEINGRAD v. IBAN GLOBAL LLC et al - Complaint.pdf |

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Sent:** Thursday, August 15, 2024 5:06 PM
**To:** Josh Chandler <josh.chandler@lifebeacon.com>
**Subject:** Weingrad v. IBan Global LLC and LifeBeacon

Hello Josh,

My name is Ryan Watstein, I lead my law firm's top-ranked class action defense practice, and I have defended 400+ Telephone Consumer Protection Act (TCPA) class actions without ever having a class certified.

I'm writing to let you know about a TCPA class action filed against IBan Global LLC and LifeBeacon by a Plaintiff's firm that we have significant experience and an excellent record against. For the following reasons, I believe we're in a better position to defend this case than any firm in the country, and I'd be happy to discuss the case with you.

First, I and my team have a track record defending TCPA class actions that I believe bests any firm in the country. To this point, I have personally defended approximately 400 such class actions across the country in the past several years as lead counsel. We have <u>never</u> had a class certified against a client, even for settlement purposes. In other words, in 400+ class actions, we have always been able to get our clients dismissed on a dispositive motion, by defeating class certification, or by forcing a complete dismissal or nominal individual settlement through a variety of creative strategies. And we recently obtained several of the most cited TCPA decisions ever decided, as well as a string of almost a dozen dispositive decisions over the last couple months. Our experience and track record has led to us receiving a variety of awards. This includes both me and my team being separately ranked Band 1 by Chambers for our expertise and track record in this area. We're the only practice in the country to achieve this recognition, as far as I'm aware.

Second, we have significant experience and an excellent track record against the lead lawyer behind this case: Anthony Paronich. We've defended several dozen TCPA class actions against Anthony. All those cases have resolved favorably for our clients, and most have resolved early. We've obtained multiple published decisions in our cases against Anthony and, as such, he respects our work product and skills in this area perhaps more than any other lawyers in this space. We just won summary judgment against Anthony in a published decision that is on appeal to the COA7.

Third, we have substantial experience defending these cases in the Eastern District of Pennsylvania, where this case was filed. We've defeated class certification in this District, tried TCPA cases to verdict there (which almost no firms have done), and have a colleague who clerked there.

Here are some highlights of the specific rulings we've obtained in the last year or two, to give you an idea of our bandwidth in the TCPA space:

LIVEFREE000026

- Prevailed on a first-in-the-nation affirmative motion to deny class certification in a DNC TCPA class action. Without any discovery, the court denied class certification on our evidentiary motion because it found the class was uncertifiable. *Payne v. Sieva Networks, Inc.*, No. 4:24-cv-00901-JST, Doc. 24 (N.D. Cal. July 29, 2024).

- Obtained complete summary judgment in TCPA class action because the calls received by Plaintiff only offered services that were free to consumers, which didn't violate the TCPA's telephone solicitation rule. *Hulce v. Zipongo, Inc.*, --- F. Supp. 3d ---, 2024 WL 1251108 (E.D. Wis. Mar. 18, 2024).

- Obtained first-in-nation order granting evidentiary motion to dismiss a "failure to identify" TCPA claim for lack of standing in case because Plaintiff's harm was traceable to her own actions, not the technical violation alleged. *Hall v. Xanadu Marketing, Inc.*, --- F. Supp. 3d ----, 2023 WL 4946731 (NDGa. 2023).

- Obtained complete dismissal, with prejudice, of TCPA class action at pleadings stage based on insufficient specificity of Plaintiff's allegations in initial and amended complaint. *Coleman v. Humana, Inc.*, 2023 WL 3485242 (E.D.N.C. May 16, 2023).

- Obtained complete dismissal of TCPA class action, with prejudice, in first-in-nation order holding that even a low-level employee who answers a business's phone has apparent authority to consent to advertising faxes on behalf of the business as a matter of law. *Boone's Pharmacy, Inc. v. EzriRx, LLC*, --- F. Supp. 3d ---- 2023 WL 4874785 (S.D. Ala. 2023).

- Obtained complete dismissal of TCPA-derivative tort claims at pleadings stage, with the court holding that: (1) client owed no duty to plaintiff, thus precluding negligence; (2) "spoliation" is not an independent cause of action under Alabama or federal law; and (3) plaintiff failed to allege that client's vendor was acting within the scope of employment or that client knew or could've discovered with reasonable diligence that its vendor was incompetent, thus precluding the negligent hiring, training, and supervision claim. *Johnson v. Charter Communications*, 2023 WL 7106467 (NDAl. July 26, 2023).

- After Sixth Circuit reversed prior grant of motion to dismiss, obtained summary judgment for retail energy supplier based on novel hearsay argument. *Lindenbaum v. Realgy, LLC,* 606 F. Supp. 3d 732, (N.D. Ohio 2022).

- Obtained class certification denial in class action with significant potential exposure, after gathering more than 40 declarations from class members and others highlighting the individualized issues that would make a class trial impossible. *Steven A. Conner DPM, P.C. v. Fox Rehab. Servs., P.C.*, 2022 WL 4080761 (E.D. Pa. Sept. 6, 2022).

- Obtained first-in-the-nation ruling denying class certification on adequacy grounds on early, affirmative motion of the defendant. *May v. Longeviti Health LLC*, 562 F. Supp. 3d 709 (C.D. Cal. 2021).

- Obtained significant class certification denial in junk fax case that could help end all junk fax cases, and then successfully defeated Plaintiff's interlocutory appeal request to Ninth Circuit. *Jeffrey Katz Chiropractic, Inc. v. Diamond Respiratory Care, Inc.*, 340 F.R.D. 383 (N.D. Cal. 2021).

- Obtained the first-in-the-nation ruling dismissing a DNC class action at the pleading stage pursuant to an Article III standing challenge. *Stewart v. Network Capital Funding Corp.*, 549 F. Supp. 3d 1058 (C.D. Cal. July 16, 2021).

- Obtained rare, potentially first-ever pleadings-stage dismissal with prejudice in class action on vicarious liability grounds. *Valdes v. Nationwide Real Estate Executives, Inc.*, 2021 WL 2134159 (C.D. Cal. Apr. 22, 2021).

LIVEFREE000027

- Prevailed on first-in-nation motion to dismiss based on novel constitutional argument, which has since been used by other firms in over 100 dispositive motions across the country. *Creasy v. Charter Communications, Inc.*, 489 F. Supp. 3d 499 (E.D. La. 2020).

- Obtained first-in-the-nation summary judgment ruling in TCPA class action on grounds that text messages at issue were not advertising because client does not sell goods directly to consumers. *Trujillo v. Free Energy Savings Company, LLC*, 2021 WL 757023 (C.D. Cal. Feb. 25, 2021).

- Obtained first-in-nation order granting motion to dismiss for lack of personal jurisdiction with prejudice. *Moore v. Charter Communications, Inc.*, 523 F. Supp. 3d 1046, 2020 WL 6287403 (N.D. Ill. Oct. 27, 2020).

- Obtained most detailed class certification denial order ever published in a pre-recorded message TCPA case. At 70+ pages, the order contains numerous rulings that could be useful in this case, including that individualized issues of arbitration and whether a prerecorded message actually played on any particular call precluded class certification. *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255 (M.D. Fla. 2019).

- Retained to take over as lead counsel in a dozen class actions where client was unhappy with current counsel. In each case, brought matter to favorable resolution or waiting on a dispositive ruling from the court.

- Crossed the mark of defending 350 consumer class actions without ever having a class certified, a record we would put against any firm in the country.

Given our experience and track record in this area and against this Plaintiff's firm, I believe we are uniquely situated to defend this case. I would welcome the opportunity to discuss the case with your or the appropriate person on your team.

Best,
-Ryan


**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

LIVEFREE000028

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>IBAN GLOBAL LLC<br><br>and<br><br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>Defendants. | Case No. 24-4212<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Leon Weingrad ("Mr. Weingrad"), by his undersigned counsel, for this class

action complaint against Defendant IBAN Global LLC, LiveFree Emergency Response, Inc.

d/b/a LifeBeacon, as well as its present, former and future direct and indirect parent companies,

subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object

to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and

disruption on phone records. Faced with growing public criticism of abusive telephone

marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L.

No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the

law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to

their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between

'[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)."

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting

individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an

abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .

initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is

on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either

monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a

straightforward provision designed to achieve a straightforward result. Congress enacted the law

to protect against invasions of privacy that were harming people. The law empowers each person

to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply,

the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an

intrusion upon their domestic peace." *Id.* at 649-50.

3.      Plaintiff, individually and as class representative for all others similarly situated,

brings this action against Defendants for violations of the Telephone Consumer Protection Act,

47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not

Call Registry, including his own.

LIVEFREE000030

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

## II.      PARTIES

5.   Plaintiff Weingrad is an individual who resides in the Eastern District of Pennsylvania.

6.   Defendant IBAN Global LLC is an administratively dissolved Wyoming LLC with its headquarters and principal place of business in Pocatello, Idaho, which sells LifeAlert-style medical alert devices, called LiveFree, throughout the United States and which directed its illegal calling conduct into Pennsylvania by sending its text message and call spam to Pennsylvania area codes.

7.   Defendant LiveFree Emergency Response, Inc., which does business as LifeBeacon, is a Delaware LLC with its headquarters and principal place of business at the same address in Pocatello, Idaho as Defendant IBAN, which distributes a white-labeled medical alert device that is manufactured in China.

## III.      JURISDICTION AND VENUE

8.   <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9.   <u>Personal Jurisdiction</u>: The Court has specific personal jurisdiction over Defendants because they directed their illegal calling conduct into Pennsylvania, including by calling telephone numbers associated with this District, including those with 267- area codes, and charging credit cards with billing addresses located in this District.

LIVEFREE000031

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

11.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B.    Unsolicited Telemarketing to Plaintiff

16.    Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

4

LIVEFREE000032

17.    Plaintiff's residential telephone number is (267)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

18.    The number is a residential telephone line because it is assigned to a cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19.    The number is in Mr. Weingrad's name and he pays the bill.

20.    Mr. Weingrad uses the number for personal, residential, and household reasons.

21.    Mr. Weingrad does not use the number for business reasons and the number is not registered in the name of or associated with a business.

22.    Plaintiff Weingrad never consented or requested in any way to receive calls from Defendants.

23.    Plaintiff Weingrad never did business with the Defendants.

24.    Despite this, Plaintiff received a total of at least 3 calls from various of the Defendants' caller IDs, including 573-347-7875 and 615-993-4350 as part of a telemarketing campaign.

25.    The first such call, which the Plaintiff answered, came on June 7, 2024 at 21:01z on June 7, 2024, and attempted to sell the Plaintiff a medical alert system.

26.    Despite no expression of interest or invitation to continue calling, the caller called again on June 7, 2024 at 21:04z. The Plaintiff declined this call.

27.    Thereafter, on July 15, 2024, the Plaintiff received another call from 615-993-4350. During this call, the Plaintiff was pitched and sold Defendants' medical alert system.

LIVEFREE000033

28.     The caller stated that they were calling from the illegal fictitious name "Medical Alert Care," and so the Plaintiff provided his credit card information in order to make a purchase to investigate the caller and for no other reason.

29.     As a result of this call, the Plaintiff received a credit card charge from "Medical Alert Systems" for $39.99 the same day as a result of the illegal and fraudulent call. This charge bore the same 3411 Hawthorne Road, Pocatello, ID 83201 address as the Defendants.

30.     Thereafter, the Plaintiff received a medical alert device in the mail, together with a proposed contract in the form of a proposed month to month agreement. That proposed contract clearly listed Defendant IBAN's name and contact information at the top:

**IBAN Global LLC**
**3411 Hawthorne Road**
**Pocatello, ID 83201**
**(888) 498-5849**

31.     The Plaintiff did not in any way request that the calls continue or that he desired to be contact by telephone call to sell him goods or services like the medical alert device.

32.     In fact, as an initial matter, the calls were unwanted.

33.     As explained above, Defendant IBAN is a defunct Wyoming entity.

34.     Defendant LiveFree Emergency Response, however, is an active entity sharing an identical address with IBAN.

35.     Moreover, the device Plaintiff received was branded "LifeBeacon," which is a registered fictitious name for Defendant LiveFree, as reproduced below:

6

LIVEFREE000034



36.     Moreover, "Medical Alert Systems," the name that appeared on the credit card charge, is a defunct registered fictitious name in Idaho for Defendant LiveFree.

37.     The calls were nonconsensual encounters.

38.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

39.     Plaintiff never provided his consent or requested these calls.

7

LIVEFREE000035

40.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

### V.     CLASS ACTION ALLEGATIONS

41.     <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

42.     Excluded from the Class are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43.     The Class, as defined above, is identifiable through telephone records and telephone number databases.

44.     The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

45.     Individual joinder of these persons is impracticable.

46.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

LIVEFREE000036

47.     Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

48.     Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49.     This class action complaint seeks injunctive relief and money damages.

50.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

        a.     whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

        b.     whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

        c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

51.     Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

52.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the

LIVEFREE000037

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

53.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

54.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

LIVEFREE000038

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58.     Defendants' violations were negligent, willful, or knowing.

59.     As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

LIVEFREE000039

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons

or entities acting on Defendants' behalf from making telemarketing calls to numbers on the

National Do Not Call Registry, absent an emergency circumstance;

E.      An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## VI.          DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this August 14, 2024.

                          /s/ Andrew Roman Perrong
                          Andrew Roman Perrong, Esq.
                          Perrong Law LLC
                          2657 Mount Carmel Avenue
                          Glenside, Pennsylvania 19038
                          Phone: 215-225-5529 (CALL-LAW)
                          Facsimile: 888-329-0305
                          a@perronglaw.com

                          /s/ Anthony Paronich
                          Anthony Paronich
                          (*Pro Hac Vice* forthcoming)
                          Email:  anthony@paronichlaw.com
                          PARONICH LAW, P.C.
                          350 Lincoln Street, Suite 2400
                          Hingham, MA 02043
                          Telephone:  (617) 485-0018
                          Facsimile:  (508) 318-8100


                          *Attorneys for Plaintiff and the Proposed Class*

12

LIVEFREE000040

Robert D. Kline,                              )    IN THE COURT OF COMMON
                                             )    PLEAS, MIFFLIN CO, PA
      PLAINTIFF                      )    CIVIL ACTION - LAW
                                             )    NO. CV -2020 - 420
      V.                             )
                                             )
LiveFree Emergency Response, Inc.,           )
                                             )
                                             )
      DEFENDANT                      )

FILED
MIFFLIN COUNTY
2024 NOV 19  AM 8: 50
PROTHONOTARY
CLERK OF COURTS

## PLAINTIFF'S COMPLAINT

**PLAINTIFF**

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

**DEFENDANT**

LiveFree Emergency Response, Inc.
c/o Joshua K. Chandler
3411 Hawthorne Rd.
Pocatello, ID 83201

LIVEFREE000041

Robert D. Kline,                          )    IN THE COURT OF COMMON
                                          )    PLEAS, MIFFLIN CO, PA
    PLAINTIFF                          )    CIVIL ACTION - LAW
                                          )    NO. CV -2020 - 420
    V.                                )
                                          )
LiveFree Emergency Response, Inc.,        )
                                          )
    DEFENDANT                          )

2024 NOV 19 AM 8:50
PROTHONOTARY
CLERK OF COURTS
FILED MIFFLIN COUNTY

## NOTICE

    You have been sued in court.  If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may loose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
717-248-3099

LIVEFREE000042

Robert D. Kline,            )    IN THE COURT OF COMMON

                               )    PLEAS, MIFFLIN CO, PA

      PLAINTIFF        )    CIVIL ACTION - LAW

                               )    NO. CV -2020 -420

      V.                  )

                               )

LiveFree Emergency Response, Inc.,   )

                               )

      DEFENDANT     )

**"PLAINTIFF'S COMPLAINT"**

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has residence at 2256 Fairview Road, McClure, PA 17841.

2. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **LiveFree Emergency Response, Inc.** is a telemarketing company that provides emergency response equipment and services and for all times relevant herein its agent for service of process was served at its registered address being 3411 Hawthorne Rd., Pocatello, ID 83201

3. Defendant's manager and main beneficiary of its illegal calling practices is **Joshua K. Chandler ("Chandler")** who has personal liability and not yet been joined to this suit.

4. Plaintiff believes and therefore avers that the Defendant uses illegal telemarketing practices to find prospects to provide emergency response

LIVEFREE000043

equipment and services to prospects and does so by repetitive calls which are made live, automatically dialed or prerecorded ("robo") which all violate 47 U.S.C. 227 et seq.

5. Plaintiff believes and therefore avers that the call described herein and which was placed by Defendant and/or its agents/reps, subcontractors or employees ("Callers") to Plaintiff's cell phone utilized "automatic telephone dialing system" ("ATDS") technology as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

6.    Plaintiff avers that, more specifically, Defendant and/or its Callers used ("ATDS") type equipment to do telemarketing which has the capacity to store numbers to be called and produces numbers to be called using a random or sequential number generator after which it dials such numbers automatically which enables the production of automatic calls to prospects.

7.    Plaintiff believes and therefore avers that Defendant calls prospects multiple times that are listed on the DNC without the use of Neustar lists or any other aids that prevent illegal calling practices.

8. Such illegal telemarketing activities as alleged thus far and further described herein this Complaint were made in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA") which is to be liberally construed by courts.

9. Plaintiff avers that Joshua K. Chandler personally participated and benefited from his use of the Callers to make illegal calls to prospects and had a conspiratorial relationship with the Callers.

10.   Plaintiff avers that, upon information and belief, since Defendant is directly engaged in illegal calling activities as well as supports and ratifies the actions of its Callers which regularly use illegal telephone solicitation via ATDS machines and Avatar technology without the use of do not call lists all of which it knows or should have known are done without written express permission of the Plaintiff, it has willfully and knowingly engaged in illegal activities under the TCPA.

11. Plaintiff believes and therefore avers that Chandler's illegal telemarketing violations that he has personally participated in  are ultra vires activities and, as such, he is not protected by a corporate veil or umbrella of any corporation that he would claim and, accordingly, he is personally liable for its own illegal actions and vicariously liable for the illegal actions of its Callers that aided Defendant and himself in attempting to provide leads and sales while violating the TCPA.

12. Plaintiff avers that he is not and was not a customer of the Defendant prior to the phone call described herein and that Plaintiff and Defendant are each a "person" within the meaning of 47 U. S. C. §153(39).

13. Plaintiff believes that Defendant is not licensed to do business in this Commonwealth, but has nevertheless purposefully availed itself to the privileges and immunities of this Commonwealth and, since its Callers have made numerous calls to Pennsylvania, this Court has jurisdiction in this matter.

14. The TCPA was designed to prevent calls like the call described within this complaint, and to protect the privacy of citizens like the Plaintiff.

15.   Plaintiff avers that voluminous consumer complaints about abuses of

telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

16.    When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

17.    Plaintiff avers that in enacting the TCPA, Congress intended, inter alia, to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

18.    Plaintiff avers that Congress also found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

19.    Plaintiff avers that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

20.    Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish

those who make them by providing a statutory fine to create an incentive to file suits against people or entities that violate the TCPA.

21. Defendant's or its Callers' phone call constituted a call that was not made for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

22. The telephone call and activities described herein below which were caused by Defendant and/or its Callers violated various common laws and are a private nuisance as well.

23.   Upon information and belief Plaintiff avers that Defendant is not registered as telemarketer in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketers Registration Act 73 P.S. §§2241 – 2249 ("the PTRA") when they or its agents made the calls to Plaintiff nor has it posted the required $50,000.00 bond.

24.  The PTRA provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

25.  The Communications Act of 1934, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

26. Plaintiff believes and therefore avers that Chandler personally participated in illegal calling practices as he failed to supervise the Callers to ensure TCPA compliance and he and Defendant, thus, ratified their illegal behavior as he provided lead scripts to those that developed Avatar calls for the

sale services and equipment.

27. Plaintiff avers that he is not and was not a customer of the Defendant prior to the call described herein.

### COUNT I – WILLFUL VIOLATION OF  47 U. S. C. §227(b)(1)(iii)

28. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

29. Plaintiff avers that on April 17, 2020, he answered the his phone (570-658-XXXX) at 4:25 PM and received an "Avatar" type prerecorded phone call offering medical alarm services.

30. Plaintiff's phone display indicated said call referenced above was from 570-658-2107 "Beaver Springs" which was a "spoof" call.

31. After the Avatar was complete, Plaintiff was transferred to a foreign sounding lady who identified herself as Cindy and asked the same exact questions as the Avatar asked.

32. Cindy requested and Plaintiff's provided credit card information and provided a customer service number of (888) 331-1225.

33. Plaintiff avers that the phone call identified herein was made in violation of the TCPA and is manifest of a civil conspiracy with the Callers that generated the Avatar for which Defendant has vicarious liability.

34. Plaintiff avers that  47 U. S. C. §227(b)(1)(A)(iii) provides in pertinent part:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions - It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

35.  Plaintiff avers that, since phone call described herein this count was an Avatar prerecorded type illegal phone call made to Plaintiff's phone and was made by the Defendant and/or its Callers without permission in violation of the TCPA as illuminated in the above section of the TCPA law, the Defendant is liable.

36.  Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing prerecorded Avatar type phone call to Plaintiff's cell phone, Defendant has violated 47 U. S. C. §227(b)(1)(A)(iii) which entitles the Plaintiff to statutory damages of $500.00.

37.  Given the seamless transfer of the call, the of Avatar technology and the questions asked, Plaintiff avers that the call referenced herein this Count I was made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1,500.00 for the call referenced herein this

Count.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Dollars ($1,500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count. Plaintiff also reserves the right to amend his complaint should discovery reveal that other illegal calls have been made to the cell phone. Plaintiff also requests injunctive relief to prevent further telemarketing calls.

**COUNT II - VIOLATION OF**
**(Knowing and/or Willful Violation of the TCPA**
**"Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)**

38. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

39. Plaintiff avers that Defendant does not have a "do not call" policy which is a violation of the TCPA and also it failed to send Plaintiff a copy of said policy as required by 47 C.F.R. 64.1200 et seq. which is a separate and distinct violation as well.

40. By letter dated April 18, 2020 Plaintiff requested a copy of Defendant's "do not call" policy which was never received.  Attached as Exhibit "A" is a copy of said letter.

41. Damages are permitted pursuant to 47 U.S.C. § 227(c)(5) of the TCPA for either violation under the implementing regulations of the TCPA.

42. As a result of Defendant's knowing and/or willful violations of 47 C.F.R. 64.1200(d)(1) for failure to have a do not call policy and failure to provide one upon written request, Plaintiff seeks for himself treble damages, as provided by

statute of $500.00 for each violation identified herein this paragraph, for a total of $1,000.00 and when trebled is $3,000.00.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of Three Thousand ($3,000.00) plus the costs of this action.

### COUNT III - VIOLATION OF 47 C.F.R. § 64.1200 ET SEQ.
### FAILURE TO IDENTIFY CALLER

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. Plaintiff avers that at the beginning of the phone call identified herein the Defendant's and/or its Callers acting on its behalf did not provide or display proper identification information of the caller on the display screen of Plaintiff's phone as required by the TCPA. See Paragraph above.

45. The telephone call alleged and identified herein, supra, was made in violation of the TCPA, specifically 47 C.F.R. § 64.1601(e)(1), as Defendant's and/or its Callers failed to provide caller identification information displaying a telephone number and name of entity which would permit any individual to make a do-not-call request during regular business hours.

46. The aforesaid violations of the TCPA were willful and/or knowing.

47. Plaintiff avers that when he subsequently called the phone number sometime after he received it he was not able to obtain the proper name of the entity that had called him.

48. Plaintiff avers that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

LIVEFREE000051

promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4) as well as the applicable

sections of the Code of Federal Regulations that relate to the TCPA.

49.  Plaintiff avers that the TCPA provides for $1,500.00 damages for the

violations identified and explained herein this Count.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount

of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action.

### COUNT IV
### VIOLATION OF THE PENNSYLVANIA TELEMARKETER REGISTRATION ACT 73 PA CONS. STAT. § 2241

50.  Plaintiff incorporates the allegations from all previous paragraphs as if

fully set forth herein.

51.  The foregoing acts and omissions of Defendant or its Callers and or other

persons or entities acting on Defendant's behalf constitute multiple violations of

the Pennsylvania Telemarketers Registration Act ("PTRA"), 73 Pa. Cons. Stat. §

2241, including by making a call to Plaintiff's phone without registration under the

aforementioned statute.

52.  The PTRA does not have a private cause of action, however, a violation

of the PTRA is also a violation The Pennsylvania Unfair Trade Practices and

Consumer Protection Law  (73 PS 201 et seq.) ("UTP").

53.  Defendant, in violation of the UTP, caused the likelihood of confusion as

to where good or services originated by having improper phone display

identification.

54. As a result of Defendant's Callers or entities acting on its behalf violation

of the PTRA, Plaintiff is entitled to an award of $300.00 in damages for each and

LIVEFREE000052

every call made to his telephone number in violation of the statute since calling it is a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201 et seq.

55. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their Callers from violating the PTRA as related to calling Plaintiff for telemarketing purposes in the future.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of Three Hundred Dollars ($300.00) for the call identified herein this complaint plus the costs of this action. Plaintiff also reserves the right to amend his claims based on additional illegal calls that were made that may be revealed during discovery.

Respectfully submitted,

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

LIVEFREE000053

2256 Fairview Road
McClure, PA 17841
April 18, 2020

**SENT VIA REGULAR MAIL**
**SENT VIA CERTIFIED MAIL**
**7018 3090 0001 6935 2394**

LiveFree Emergency Response, Inc.
3411 Hawthorne Rd.
Pocatello, ID 83201

Dear Sir or Madam:

I am asking you to please send me a copy of your "Do-Not-Call Policy" as required by 47 C.F.R. 64.1200(d)(1) et seq. for your business operations.

Thanks for your attention to this matter.

Regards,

Robert D. Kline

EXHIBIT "A"

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline – Plaintiff Pro per
2256 Fairview Road
McClure, PA 17841
570-658-3448

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and he understands that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline – Plaintiff pro per
2256 Fairview Road
McClure, PA 17841
570-658-3448

======================================================

## CERTIFICATE OF SERVICE

On November 19, 2024 the Plaintiff has caused a copy of Plaintiff's Complaint to be served on Defendant listed below by Priority Express mail postage prepaid addressed as follows:

LiveFree Emergency Response, Inc.
c/o Joshua K. Chandler
3411 Hawthorne Rd.
Pocatello, ID 83201

Robert D. Kline – Plaintiff pro per
2256 Fairview Road
McClure, PA 17841
570-658-3448

FILED MIFFLIN COUNTY
2024 NOV 19 AM 8: 50
PROTHONOTARY CLERK OF COURTS

LIVEFREE000055