# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>IBAN GLOBAL LLC<br>and<br>LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>Defendants. | Case No. 24-4212<br><br>Oral Argument Requested |

## DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S REPLY IN SUPPORT OF RENEWED MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(2) MOTION TO DISMISS COMPLAINT

## I.   SUMMARY OF ARGUMENT

In Plaintiff's Response in Opposition to Defendant LiveFree Emergency Response, Inc.'s Motion to Dismiss (Dkt. 24) ("Opposition"), Plaintiff repeatedly implores this Court to ignore the mountain of evidence Defendant LiveFree Emergency Response, Inc. ("LiveFree") submitted to the Court in its Renewed Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction ("Motion") showing that LiveFree does not have the minimum contacts necessary for this Court to exercise specific personal jurisdiction over it. As part of its efforts, Plaintiff manufactured a call with a customer service representative employed by LiveFree through misleading means designed to obtain a self-serving and ultimately incorrect statement that IBAN and LiveFree are one and the same. Plaintiff's efforts, which were refuted and explained by the customer service agent herself, should be ignored.

Moreover, Plaintiffs' efforts to paint IBAN as an agent of LiveFree should be disregarded by this Court. As explained in detail below, the "evidence" Plaintiff cites does not support its claim that IBAN is and was acting as an agent of LiveFree. In fact, if any agency relationship exists between IBAN and LiveFree, it is LiveFree who provided agent like services to IBAN, not the reverse per the terms of the Dealer Contract between LiveFree and IBAN. Accordingly, based on the substantial amount evidence submitted by Plaintiff in its Motion, this Court should grant the Motion and dismiss Plaintiff's lawsuit for lack of personal jurisdiction.

## II.   ARGUMENTS

### A.   LiveFree Did Not Admit that LiveFree and IBAN Were the Same Company

Throughout its Opposition, Plaintiff alleges and relies on in support of his Opposition that he spoke with a LiveFree customer service representative on July 14, 2025 who allegedly stated that "LifeBeacon, LiveFree, and IBAN were all the same company." Dkt. 24-2 ¶ 17. Upon receipt of Plaintiff's declaration, LiveFree reviewed its customer support files and determined that Plaintiff

spoke with a customer service representative named Shantall Trejo. Declaration of Shantall Trejo ("Trejo Dec.") attached hereto as Exhibit 1 ¶ 3. The call between Ms. Trejo and Plaintiff was recorded. *Id.* During the call, Plaintiff misrepresented his status and stated that he had "just got [his] LifeBeacon in the mail" and was generally inquiring as to whether the phone number he called was "the right customer service". *Id.* ¶ 4. He also claimed to be confused because the paperwork he had allegedly just received included both "IBAN" and LiveFree Emergency Response and asked if IBAN and LiveFree were "all the same company". *Id.* ¶ 5.

In light of what Ms. Trejo believed were Plaintiff's genuine efforts to determine if he was calling the correct customer service line, Ms. Trejo responded that IBAN and LiveFree were "all the same company" because Ms. Trejo understood that for customer service purposes that was true. *Id.* ¶ 6. However, Ms. Trejo was not aware of the corporate structure of either IBAN or LiveFree. *Id.* ¶ 7. No one at LiveFree ever told or explained to Ms. Trejo that IBAN and LiveFree were the same company. *Id.* ¶ 8. Ms. Trejo also did not believe she was being asked anything other than if LiveFree provides customer service support for IBAN (which it does). *Id.* ¶¶ 7-8. Importantly, Ms. Trejo is not a principal or manager of LiveFree such that she would be privy to such information about the corporate structure. *Id.* 2. In fact, the entire exchange on which Plaintiff greatly relies in its Opposition was a misunderstanding.

Accordingly, LiveFree has not represented that it and IBAN are one and part of the same company or entity as Plaintiff repeatedly alleged in his Opposition.

**B.     IBAN is an Independent Contractor**

Throughout its Opposition, Plaintiff also faults LiveFree for not producing the Dealer Agreement it has with IBAN and asserts that LiveFree "has something to hide" in the Agreement. Opposition at *3. Not so. LiveFree inadvertently failed to produce the Dealer Contract between it and IBAN ("Dealer Agreement") as part of jurisdictional discovery and provided a copy of the

3

agreement to Plaintiff last week after receiving Plaintiff's Opposition to LiveFree's Motion. *See* Declaration of R. Jeremy Adamson ("Adamson Dec.") attached hereto as Exhibit 2 ¶ 3. A copy of the Dealer Agreement between LiveFree and IBAN is attached to this Reply. *Id.* ¶ 4, Ex. A.

Importantly, the Dealer Agreement *supports* LiveFree's arguments in its Motion. First, the Dealer Agreement explicitly states that "Dealer is an independent contractor and shall not represent itself as an employee or agent of LiveFree except as specifically permitted in writing by LiveFree." Ex. 2, Adamson Dec. ¶ 4, Ex. A at *7 (Section 9.6). LiveFree has not authorized IBAN to call on its behalf or otherwise represent itself as LiveFree. *See* Dkt. 17 at *23 ¶ 14.

Additionally as noted in Schedule 2 attached to the Dealer Contract, LiveFree agreed to provide limited "fulfillment services" and "customer service and technical support" services for IBAN. Ex. 2, Adamson Dec. ¶ 4, Ex. A at *16. IBAN and LiveFree are not partners in the advertisement or creation of LiveFree's goods. Instead, LiveFree effectively acts as a drop shipper for the LifeBeacon devices and provides limited customer service support, all from its offices and location in Idaho, not in Pennsylvania. Dkt. 17 at *23 ¶¶ 16-19.

C.      **IBAN is Not an Agent of LiveFree**

Primarily relying on its (mistaken) beliefs that (a) a representative of LiveFree asserted that LiveFree and IBAN were the same company and (b) the underlying Dealer Contract contained some sort of explosive revelation about an agency relationship between IBAN and LiveFree (it does not), Plaintiff argues in his Opposition that IBAN *is* an agent of LiveFree.

An agency relationship in Pennsylvania exists where "the principal manifests assent that another person (the agent) will act on the principal's behalf and subject to the principal's control, and the agent agrees to do so." *Traver v. Reliant Senior Care Holdings, Inc.*, 228 A.3d 280, 286 (2020)). "An agency relationship may be created by any of the following: (1) express authority, (2) implied authority, (3) apparent authority, and/or (4) authority by estoppel." *McIlwain v. Saber Healthcare*

4

*Grp., Inc., LLC*, 208 A.3d 478, 485 (2019) (quoting *Walton v. Johnson*, 66 A.3d 782, 786 (2013)).

"Implied authority exists in situations where the agent's actions are 'proper, usual and necessary' to carry out express agency."[1] *Id.* "Apparent authority exists where the principal, by word or conduct, causes people with whom the alleged agent deals to believe that the principal has granted the agent authority to act." *Id.* "An agent cannot simply by his own words, invest himself with apparent authority. Such authority emanates from the action of the principal and not the agent." *Wisler v. Manor Care of Lancaster PA, LLC*, 2015 PA Super 189, 124 A.3d 317, 324 (2015) (citing *Walton*, 66 A.3d at 787).

Regardless of whether Plaintiff believes any agency relationship between IBAN and LiveFree was created by implied or apparent authority, Plaintiff's arguments fail for the same reason. *If* any agency relationship exists between LiveFree and IBAN (it does not), it would be IBAN that is the principal and LiveFree that is the agent. Plaintiff repeatedly relies on and references the United States District Court for the District of Massachusetts' decision in the *Garrett Traylor v. LiveFree Emergency Response Inc. and Q Synergy, LLC* case in support of its contention that LiveFree is subject to personal jurisdiction in this Court. *See* Opposition at *2-4, for example. The Court in *Traylor* premised its ultimate decision denying LiveFree's Motion to Dismiss on the following facts:

> The evidence that militates in favor of an agency relationship is: (1) the product marketed to Traylor by Q Synergy was produced and shipped by LiveFree; (2) on one call from Q Synergy, Traylor was provided a number which connected him to a LiveFree dealer support agent; (3) when Traylor purchased the LifeBeacon monitor, LiveFree both charged him for and mailed him the device; (4) the package with the device sent to Traylor had Q Synergy's name, but LiveFree's address, as the return address; and (5) Q Synergy's "purchase" of products did not occur until

---

[1] "Express authority exists where the principal deliberately and specifically grants authority to the agent as to certain matters." *McIlwain*, 208 A.3d at 485 (quoting *Walton*, 66 A.3d at 786). "Authority by estoppel occurs when the principal fails to take reasonable steps to disavow the third party of their belief that the purported agent was authorized to act on behalf of the principal." *Id.* Plaintiff does not appear to argue that an agency relationship was formed via either express authority or authority by estoppel. However, if Plaintiff did intend to make such arguments, they fail for the same reasons its implied and apparent authority arguments fail.

5

the sale was made to customers. The court finds these facts sufficient to support an agency relationship for purposes of the jurisdictional inquiry.

*Traylor v. Livefree Emergency Response Inc.*, No. 1:24-CV-10329-IT, 2024 WL 4943042, at *4 (D. Mass. Dec. 3, 2024). Plaintiff appears to allege that the above facts are true in this case as well.

However, each of the above acts, if evidence of any agency relationship, are evidence of an agency relationship whereby IBAN is the principal and LiveFree is the agent in connection with the alleged contacts with Pennsylvania. In fact, the Dealer Contract between IBAN and LiveFree supports this conclusion since it is LiveFree that provides "fulfillment services" and "reasonable customer service and technical support" on behalf of IBAN to IBAN's customers. *See* Ex. 2, Adamson Dec. ¶ 4, Ex. A at *16. For at least these reasons, respectfully, LiveFree asks this Court not to follow the nonbinding analysis of the *Traylor* Court.[2]

### III.   CONCLUSION

For all of the reasons outlined above and in LiveFree's Motion, the Court should grant LiveFree's Motion to Dismiss for Lack of Personal Jurisdiction.

---

[2] Decisions of other circuits are not binding on the district courts in this Circuit. *Bistrian v. Levi*, No. CV 08-3010, 2023 WL 6927327, at *10 (E.D. Pa. Oct. 19, 2023) (quoting *United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012)).

Respectfully submitted,

**STEVE HARVEY LAW LLC**

/s/ *Stephen G. Harvey*
Stephen G. Harvey (PA 58233)
Michael E. Gehring (PA 57224)
E. Kelly Conway (PA 324626)
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

**BUCHALTER**
**A Professional Corporation**
R. Jeremy Adamson (*pro hac vice*)
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone:  (801) 401-8625
Email:  jadamson@buchalter.com

*Counsel for Defendant LiveFree Emergency Response, Inc. dba LifeBeacon*

**PROOF OF SERVICE**

        I, Stephen G. Harvey, hereby certify that on this date, I caused a true and correct copy of the foregoing document to be filed with the Court using the Electronic Case Filing System, which will cause it to be served upon all counsel of record.

        /s/ Stephen G. Harvey
        Stephen G. Harvey (PA 58233)
        STEVE HARVEY LAW LLC
        1880 John F. Kennedy Blvd.
        Suite 1715
        Philadelphia, PA 19013
        (215) 438-6600
        steve@steveharveylaw.com

Dated: July 21, 2025