IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>IBAN GLOBAL LLC, and LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON<br><br>*Defendants.* | Civil No. 24-4212 |

**ORDER**

**AND NOW**, this 10th day of March, 2026, upon consideration of Defendant LiveFree Emergency Response, Inc.'s Renewed Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (ECF No. 17) and the response and reply thereto, it is **ORDERED** that the motion is **DENIED**.[1]

BY THE COURT:

_____
MARY KAY COSTELLO, J.

---

[1] In Telephone Consumer Protection Act ("TCPA") cases, telephone calls directed to a person's phone number in the forum state have been found sufficient to establish specific jurisdiction. *See Newell v. Strategic Admin. Grp., Inc.*, 20cv967, 2020 WL 12770854, at *1-2 (E.D. Pa. May 6, 2020). A principal need not directly make the offending telemarketing calls to be subject to specific jurisdiction if an agent made the calls on the principal's behalf. *Id.* Discovery here has established that: a customer service representative of LiveFree informed Plaintiff that LiveFree and IBAN were the same company; LiveFree manufactured the product that Plaintiff purchased; LiveFree and IBAN shared the same Idaho mailing address; LiveFree charged Plaintiff's credit card for his purchase of LiveFree's product; and the telemarketing calls that Plaintiff received from IBAN on his Pennsylvania phone number solely promoted the purchase of LiveFree's product. These facts are sufficient to establish an agency relationship between LiveFree and IBAN and that IBAN reached into Pennsylvania on LiveFree's behalf. *See Traylor v. Livefree Emergency Response Inc.*, 24cv10329, 2024 WL 4943042, at *2-6 (D. Mass. Dec. 3, 2024). Accordingly, Defendant's motion is denied.