**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>          **Plaintiff,**<br>   **v.**<br><br>**IBAN GLOBAL LLC**<br><br>**and**<br><br>**LIVEFREE EMERGENCY RESPONSE, INC. D/B/A LIFEBEACON**<br><br>          **Defendants.** | **Case No. 24-4212** |

## DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant LiveFree Emergency Response, Inc. d/b/a LifeBeacon ("LiveFree"), by and through undersigned counsel, answers Plaintiff's Class Action Complaint as follows. Except as expressly admitted, LiveFree denies each and every allegation of the Complaint.

To the extent the Complaint contains headings, characterizations, legal conclusions, argument, or purported quotations of statutes, regulations, and case law to which no response is required, no response is made. To the extent a response is deemed required, LiveFree denies any allegation inconsistent with the responses below.

### I.     INTRODUCTION

1.     LiveFree admits only that the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, exists and speaks for itself. LiveFree denies the remaining allegations in paragraph 1, including any allegation that LiveFree engaged in unlawful telemarketing conduct toward Plaintiff.

2.     LiveFree admits only that the statutes and regulations cited in paragraph 2 exist and speak for themselves. LiveFree denies the remaining allegations in paragraph 2 to the extent they

1

purport to characterize LiveFree's conduct or establish liability.

3.      LiveFree denies the allegations in paragraph 3.

4.      LiveFree denies the allegations in paragraph 4.

**II.      PARTIES**

5.      LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.      LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 concerning IBAN Global LLC, and therefore denies them.

7.      LiveFree denies the allegations in paragraph 7 as stated. LiveFree admits only that it is a Delaware corporation with its principal place of business in Pocatello, Idaho, and that it does business as LifeBeacon. LiveFree further denies that it is a Delaware LLC, denies that it "distributes a white-labeled medical alert device that is manufactured in China," and denies any remaining allegation inconsistent with the foregoing.

**III.      JURISDICTION AND VENUE**

8.      LiveFree admits that the Complaint purports to invoke this Court's federal-question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. LiveFree denies any allegation inconsistent with its previously asserted jurisdictional objections and otherwise denies any characterization of paragraph 8 that goes beyond the text of the cited statutes and case law.

9.      LiveFree denies the allegations in paragraph 9.

10.      LiveFree denies the allegations in paragraph 10.

**IV.      FACTS**

**A.  The Enactment of the TCPA and its Regulations**

11.      LiveFree admits that Congress enacted the TCPA in 1991. LiveFree denies any remaining allegation in paragraph 11 to the extent a further response is required.

12.     LiveFree asserts that 47 U.S.C. § 227(c)(1) speaks for itself. LiveFree denies any remaining allegation in paragraph 12 to the extent a further response is required.

13.     LiveFree asserts that the National Do Not Call Registry and the cited regulation speaks for itself. LiveFree denies any remaining allegation in paragraph 13 to the extent a further response is required.

14.     LiveFree asserts that the cited regulation speaks for itself. LiveFree denies any remaining allegation in paragraph 14 to the extent a further response is required.

15.     LiveFree asserts that the cited statute and regulation exist and speak for themselves. LiveFree denies any remaining allegation in paragraph 15, including any allegation that LiveFree violated the TCPA.

**B.  Unsolicited Telemarketing to Plaintiff**

16.     LiveFree admits the allegations in paragraph 16.

17.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.    LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24.    LiveFree denies the allegations in paragraph 24.

25.    LiveFree denies the allegations in paragraph 25.

26.    LiveFree denies the allegations in paragraph 26.

27.    LiveFree denies the allegations in paragraph 27.

28.    LiveFree denies the allegations in paragraph 28.

29.    LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, including the particulars of any charge Plaintiff contends he received, and therefore denies them. To the extent paragraph 29 alleges or implies that LiveFree placed any call to Plaintiff or was legally responsible for any such call, LiveFree denies those allegations.

30.    LiveFree denies the allegations in paragraph 30 as stated. LiveFree admits only that it sells LifeBeacon devices to independent dealers. LiveFree denies any allegation that IBAN and LiveFree are the same entity.

31.    LiveFree denies the allegations in paragraph 31.

32.    LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 32 that the calls were "unwanted" from Plaintiff's perspective, and therefore denies that allegation. LiveFree otherwise denies any allegation that it made any call to Plaintiff.

33.    LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 concerning IBAN and therefore denies them.

34.    LiveFree admits only that it is an active corporation. LiveFree denies the remaining allegations in paragraph 34.

35.     LiveFree admits only that "LifeBeacon" is a trade name associated with LiveFree's product. LiveFree denies any remaining allegation in paragraph 35.

36.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 concerning what appeared on Plaintiff's credit card statement and otherwise denies the allegations in paragraph 36.

37.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.     LiveFree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.     LiveFree denies the allegations in paragraph 40.

**V.     CLASS ACTION ALLEGATIONS**

41.     LiveFree denies the allegations in paragraph 41, including that this action may properly proceed as a class action or that any class may be certified as defined.

42.     LiveFree admits that the Complaint purports to exclude certain persons and entities from the proposed class definition. LiveFree otherwise denies the allegations in paragraph 42 to the extent they imply that class treatment is proper.

43.     LiveFree denies the allegations in paragraph 43.

44.     LiveFree denies the allegations in paragraph 44.

45.     LiveFree denies the allegations in paragraph 45.

46.     LiveFree denies the allegations in paragraph 46.

47.     LiveFree denies the allegations in paragraph 47.

48.     LiveFree denies the allegations in paragraph 48.

49. LiveFree admits that the Complaint purports to seek injunctive relief and money damages. LiveFree denies that Plaintiff or any putative class member is entitled to any relief from LiveFree.

50. LiveFree denies the allegations in paragraph 50, including subparagraphs (a) through (c).

51. LiveFree denies the allegations in paragraph 51.

52. LiveFree denies the allegations in paragraph 52.

53. LiveFree denies the allegations in paragraph 53.

54. LiveFree denies the allegations in paragraph 54.

55. LiveFree denies the allegations in paragraph 55.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5)and 47 C.F.R. § 64.1200(c)

56. LiveFree incorporates by reference its responses to paragraphs 1 through 55 as though fully set forth herein.

57. LiveFree denies the allegations in paragraph 57.

58. LiveFree denies the allegations in paragraph 58.

59. LiveFree denies the allegations in paragraph 59.

60. LiveFree denies the allegations in paragraph 60.

## PRAYER FOR RELIEF

LiveFree denies that Plaintiff is entitled to any of the relief requested in paragraphs A through F of the Prayer for Relief, or to any relief whatsoever against LiveFree.

## AFFIRMATIVE DEFENSES

Without assuming any burden not otherwise imposed by law, and reserving the right to amend these defenses as discovery and investigation proceed, LiveFree asserts the following

6

affirmative and other defenses:

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against LiveFree.

### Second Affirmative Defense

Plaintiff's claims against LiveFree are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense

Plaintiff's claims are barred because any calls at issue were not placed by LiveFree and were not placed by any agent of LiveFree; LiveFree did not grant actual or apparent authority to any caller, did not control the manner and means of any calling, and did not ratify any allegedly unlawful calls.

### Fourth Affirmative Defense

Plaintiff claims against LiveFree are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff claims against LiveFree are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff has not been damaged by any action or inaction on the part of LiveFree.

### Seventh Affirmative Defense

All damages, if any, experienced by Plaintiff, have been caused by third parties over which LiveFree had no control nor bears any responsibility.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent any alleged call or contact was made with prior express invitation, permission, consent, or pursuant to an established business relationship, whether with Plaintiff or any putative class member.

### Ninth Affirmative Defense

Plaintiff's alleged injuries, if any, were caused in whole or in part by the acts, omissions, representations, or conduct of persons or entities other than LiveFree, and any recovery against LiveFree must therefore be barred or reduced accordingly.

### Tenth Affirmative Defense

Plaintiff's injuries/losses, if any, were the result of Plaintiff's failure to take reasonable steps to mitigate or avoid damages.

### Eleventh Affirmative Defense

Any award of statutory damages sought by Plaintiff or the putative class, particularly on an aggregated class wide basis, would violate LiveFree's rights under the Due Process Clause and the Excessive Fines Clause to the extent such award is grossly disproportionate to any proven misconduct or harm.

### Twelfth Affirmative Defense

LiveFree preserves and reasserts its objection to personal jurisdiction to the extent necessary to preserve that issue for further review, notwithstanding the Court's denial of its Rule 12(b)(2) motion.

### Thirteenth Affirmative Defense

LiveFree reserves the right to assert such other defenses as may become apparent through discovery, further investigation, or otherwise.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred because Plaintiff cannot establish the statutory prerequisites for liability against LiveFree, including that LiveFree initiated—or is legally responsible for—more than one covered telephone solicitation within any 12-month period.

### Fifteenth Affirmative Defense

Plaintiff lacks Article III standing, in whole or in part, including standing to seek injunctive relief, because Plaintiff cannot show a real and immediate threat of future injury that is fairly traceable to LiveFree and redressable by an injunction against LiveFree.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventeenth Affirmative Defense

Plaintiff cannot recover treble damages because LiveFree did not willfully or knowingly violate the TCPA or implementing regulations.

### Eighteenth Affirmative Defense

Class treatment is improper because individualized issues predominate (including issues of caller identity, authorization/agency, consent or invitation, and call-by-call circumstances), defeating Rule 23 requirements.

Respectfully submitted,

**STEVE HARVEY LAW LLC**

/s/ *Stephen G. Harvey*
Stephen G. Harvey (PA 58233)
Michael E. Gehring (PA 57224)
E. Kelly Conway (PA 324626)
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com


**BUCHALTER LLP**

R. Jeremy Adamson (*pro hac vice*)
60 E. South Temple, Suite 1200
Salt Lake City, UT  84111
Telephone:  (801) 401-8625
Email:  jadamson@buchalter.com

*Counsel for Defendant LiveFree Emergency
Response, Inc. dba LifeBeacon*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this date, March 24, 2026, I caused true and correct copies of the foregoing document to be electronically filed using the Court's Electronic Case Filing System, where they are available for viewing and downloading by all counsel of record.

/s/ Stephen G. Harvey
Stephen G. Harvey